Allen, J.
 

 Upon March 29, 1871, John Roberts, being then the owner of the premises in question,
 
 *311
 
 for a valuable consideration executed a deed to the trustees of the Copps Chapel Methodist Episcopal Church, the pertinent portion of which is as follows:
 

 “Know ye, that John Roberts, the grantor, for divers good causes and considerations thereunto moved especially for $50 received to his full satisfaction of the trustees of the M. E. Church, the grantees, have given, granted, remised, released and forever quitclaimed and do by these presents absolutely give, grant, remise, release and forever quitclaim unto the said grantees to their heirs and assigns forever all such right and title as he, the said grantor, has or ought to have in or to the following described land situated in Mercer county, Ohio, and described as follows, to wit: * * *
 

 “To have and to hold the premises aforesaid unto, the said grantees and their successors so that neither the~said grantor or his heirs nor any other person claiming title through' or under him shall or will hereafter claim or demand any right or title to the premises or any part thereof,* but they and every one of them shall by these presents be excluded and forever barred so long as said lot is held and used for church purposes.”
 

 After the above deed was executed, the trustees of the church built the building in question, which is a small frame building, erected upon stone pillars.
 

 The courts below, in granting to the trustees the right to sell the church building and outbuildings, held that such buildings are trade fixtures, erected by the trustees of the church for the particular use and benefit of the church.
 

 If the understanding of the parties as to the contract is to be deduced from their actions, it would
 
 *312
 
 seem that the bringing of this suit upon the part of the Copps Chapel Methodist Episcopal Church indicates an understanding upon the part of the church society that the building, when erected, was not to become a part of the realty. However, the majority of the court are of the opinion that the law of trade fixtures does not decide this controversy, but that the judgment must be affirmed upon another ground, to wit', upon the ground that the deed in question contains no reverter clause, that there is no condition or limitation of the grant, and no provision for the reversion of the property to the heirs, of the grantor.
 

 ""This is the general rule with regard to conveyances for school or church purposes. As stated in 44 L. R. A. (N. S.), 1222, in the note:
 

 “In general mere statements in the deed that the property is conveyed for school purposes, or is to remain for such purposes, and similar statements, are not construed as conditions or limitations of the grant.
 

 “Thus, it has been held that there was no condition or reverter where the deed * * * for $1 conveyed land to a county with warranty ‘for the special use, and none other, of educational purposes, and upon which block shall be erected a college or institution of learning free from all sectional or political influence.’
 
 Raley
 
 v.
 
 Umatilla County,
 
 15 Or., 172, 3 Am. St. Rep., 142, 13 P., 890.”
 

 This case held in the syllabus that, to create a condition in a grant, apt and appropriate words ought to be used, or a right of re-entry be reserved, and that the conveyance set forth does not create a condition subsequent.
 

 
 *313
 
 In
 
 Faith
 
 v.
 
 Bowles,
 
 86 Md., 13, 37 A., 711, 63 Am. St. Rep., 489, the deed in question conveyed land to a county, for a full consideration, “for a public schoolhouse as the property of the schools of said county and for no other purpose, in fee.” The widow and heirs at law of the original grantor claimed the property on the ground that it had been sold by the board of county school commissioners, and used for a dwelling house for some seven years, and that this abandonment of its use for public school purposes was a breach of the condition subsequent, which worked a forfeiture. The court held in the syllabus that a deed to a county, for full consideration, stating the land is granted “for a public school-house as the property of the schools of said county and for no other purpose, in fee,” does not create a condition subsequent, with consequent forfeiture in case of use for any other purpose.
 

 In
 
 Barker
 
 v.
 
 Barrows,
 
 138 Mass., 578, 580, the deed conveyed land to the inhabitants of a school district, their successors and assigns forever, with full covenants and warranty. ‘The deed contained, in the description of the premises, the words, “Said lot of land to be used, occupied, and improved by said inhabitants as a school-house lot, and for no other purpose.” This language was held not to create a condition subsequent.
 

 | In the present deed, there are no words indicating an intent that the grant is to be void if the declared purpose is not fulfilled. The deed contains no words which indicate an intention that, if the grantee omitted to use the estate for church purposes, the same should thereupon be forfeited, and should revert to the heirs of the grantor.
 

 
 *314
 
 It is an elementary proposition of law that conditions subsequent are not favored by the law, because on the breach of such conditions there is a forfeiture, and the law is adverse to forfeitures. 4 Kent’s Commentaries, 130;
 
 Stanley
 
 v.
 
 Colt,
 
 5 Wall. (72 U. S.), 119, 18 L. Ed., 502;
 
 Kilpatrick
 
 v.
 
 City of Baltimore,
 
 81 Md., 179, 31 A., 805, 27 L. R. A., 643, 48 Am. St. Rep., 509. Hence a condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose, without being coupled with words appropriate to make such condition.
 
 Packard
 
 v.
 
 Ames,
 
 16 Gray
 
 (82
 
 Mass.), 327.
 

 Where the language employed declares a condition and imports a forfeiture, a clause of re-entry is not necessary, but we cannot insert into this deed, by mere judicial construction, words signifying a condition and reversion to the grantors in the event the condition is broken.!
 

 In
 
 Curtis
 
 v.
 
 Board of Education of City of Topeka,
 
 43 Kan., 138, 23 P., 98, where the conveyance was to the school board of a certain district, and their successors in office, for the erection of a schoolhouse thereon, and for no other purpose, the court used these words:
 

 “They in effect create a covenant that the property shall be used in a particular way. * * * There are no words in the deed stating that the estate was or should be conveyed ‘upon condition,’ or that it might be ‘forfeited’ under any circnmstances whatever, or that the estate might under any circumstances ‘revert’ to the grantors or their heirs, or that they might under any circumstances ever have the right to ‘re-enter’ the premises.”
 

 
 *315
 
 The court declared in this case, in the syllabus, that the evidence did not create an estate upon condition either precedent or subsequent, but that the words “for the erection of
 
 a
 
 schoolhouse thereon, and for no other purposes,” constituted only a limitation upon the manner in which the property should be used. The court went on to state in the syllabus that conditions subsequent which render estates already vested liable to be forfeited are never favored in law; and no deed will be construed as creating such a condition unless the language to that effect is so clear that no room is left for any other construction.
 

 This is the precise situation with regard to the deed in question here. There are no words of condition or forfeiture in the deed. There is no reverter clause, nor any provision establishing the right of re-entry. Hence, taking the deed by its four corners, it shows that the grantor intended to convey, and did convey, to the grantees all of his estate in the land.
 

 This same doctrine has been declared in several holdings by this court. Two of the decisions were affirmances without opinion.
 
 City of Cincinnati
 
 v.
 
 Babb,
 
 4 O. D. (N. P.), 464, 29 W. L. B., 284, 11 Dec. Rep., 785;
 
 Babb
 
 v.
 
 City of Cincinnati,
 
 55 Ohio St., 637, 48 N. E., 1110;
 
 Watterson, Trustee,
 
 v.
 
 Ury,
 
 3 C. D., 171, 5 C. C., 347;
 
 Ury
 
 v.
 
 Watterson, Trustee,
 
 52 Ohio St., 637, 44 N. E., 1149. However, this court did render a preciseopinion and make the same holding in the syllabus/in the case of
 
 Village of Ashland
 
 v.
 
 Greiner,
 
 58 Ohio St., 67, 50 N. E., 99. The syllabus in its material portions holds as follows:
 

 “1. A deed of conveyance for one-half acre of
 
 *316
 
 land having been made and delivered by a grantor to two grantees upon consideration of twenty dollars, as follows:
 

 “ ‘ To have and to. hold the above granted and bargained premises with the appurtenances thereof unto them, the said grantees or their successors in office, forever, to their own proper use and behoof, but it is expressly. to3e. jinderstopd ..that..,the~said grantees nor their successors in office, shall not at any time use or occupy the aforesaid premises for any other purpose or purposes than whereon to erect or build religious meeting houses or parsonages, and for cemetery or-burying-ground,’ *' * * and a street having been located by the village upon a strip of said land thirty feet wide, for which the successors of said grantees received five hundred dollars, and an action having been brought by the heirs of the grantor against the village for the recovery of the value of said strip of land: Held,— That said heirs had no title to said strip of land, and no right to the value thereof.
 

 “That as said deed had no words of forfeiture or_r e-entry, the diverting of said lands to uses and purposes, other than those expressed in the deed, did not in legal effect revest title to said lands in the grantor, or his heirs.” /f
 

 The court pointed out in this case that the deed of conveyance was for a valuable consideration, and commented upon the fact that, when value is paid for an estate, with the stipulation that the estate is to be used only for particular purposes, a breach of the'covenant restricting the uses and purposes to which the estate is to be devoted does not have the legal effect of forfeiting the estate and reinvesting
 
 *317
 
 the title in the grantor, his heirs or assigns. The court says, pages 75 and 76 of 58 Ohio State, (50 N. E., 100):
 

 “To have such legal effect, there must be words of forfeiture or re-entry in the deed. * * *
 

 “It is clear that the deed in question conveyed away all the title to the premises which the grantors had, and that the grantees received all such title, (which was the fee) for the uses and purposes expressed in the deed; and as there are no words of forfeiture or re-entry in the deed, no title whatever vested in the heirs of the grantor, upon breach of the covenant as to the uses and purposes to which the estate was to be devoted.”
 

 £lt was urged in that case, exactly as in this case, that the stipulation in the original deed was broken when the ground was conveyed for other purposes than those expressed in the deed by the grantor, and that, when the trustees sold the 30 feet of ground for street purposes, they forfeited their title to the land, and that the title then reverted to and was vested in the heirs of Martin G-reiner. .Hence the
 
 Ashland case
 
 decides the exact legal proposition pfé'sentedjn this controversy., f
 

 The
 
 Ashland case
 
 was cited and relied upon in the case of
 
 Cleveland Terminal & Valley Railroad Co.
 
 v.
 
 State, ex rel.,
 
 85 Ohio St., 251, at page 297, 97 N. E., 967, 39 L. R. A. (N. S.), 1219. In the syllabus of the
 
 Cleveland Terminal & Valley case,
 
 this court held:
 

 “When land is granted to a city upon a valuable consideration to be used for streets and other purposes, the title will not, in the absence of an express stipulation to that end, revest in the grantor
 
 *318
 
 because the land is subsequently used for street and railroad purposes.”
 

 The same doctrine has also been cited with approval and made a ground of the holding of the syllabus in the case of
 
 City of Cleveland
 
 v.
 
 Herron,
 
 102 Ohio St., 218, 131 N. E., 489.
 

 TOur attention is called to the case of
 
 Lessee of Sperry
 
 v.
 
 Pond,
 
 5 Ohio, 387, 24 Am. Dec., 296. This case held that a conveyance on condition that the grantee shall keep a sawmill and gristmill doing business on the premises is a valid one, and that, if the grantee fails to perform the condition, he forfeits the estate. In this case a deed was executed for good consideration, granting to Isaac Clark, his heirs and assigns, the privilege of erecting a sawmill and gristmill upon a certain tract of land, the said mills and privileges to be held and enjoyed by Clark, his heirs and assigns, ‘ ‘so long as they should continue to. us£„an.cL improve the‘samé for ike. express purpose of grinding, and no longer.” This case was decided in 1832, and the briefs and records in the case are no longer available. However, a comparison of the
 
 Sperry case
 
 with the instant controversy shows that it is in no way in point herein. The deed in the present case from John Roberts to the trustees of the Copps Chapel Methodist Episcopal Church, after quitclaiming all the right and title of the grantor to the land described, unto the said grantees, gave an absolute conveyance to the grantees of all of the title of the grantor, in the first part of the
 
 habendum
 
 clause:
 

 “To have and to hold the premises aforesaid unto the said grantees and their succesors so that neither the said grantor or his heirs nor any other person
 
 *319
 
 claiming title through or under him shall or will hereafter claim or demand any right or title to the premises or any part thereof.”
 

 The grantor then continued:
 

 “But they-and every one of them [the grantor and his heirs] shall hy these presents be excluded and forever barred so long as said lot is held and used for church purposes.”
 

 The significant “and no longer,” which existed in the
 
 Sperry case,
 
 is absent. The circumstances present in that case, which led this court to declare that a condition existed, are not present here, and, under the express ruling in the case of
 
 Village of Ashland
 
 v.
 
 Greiner, supra,
 
 the statement in this deed m not a condition, nor. limitation of the grant, but a mere, covenant that the property shall he used in a particular way.
 

 The petitioners state that they desire to allow the real estate to revert to the grantor, his heirs or assigns, and that they desire to sell and dispose of the church building, outbuildings, furniture, carpets, and books of the church. Under the deed, they could claim the land, and hence obviously they have a right to claim a part only of what belongs to them, and to permit a part to revert. It is immaterial whether the church is regarded as a part of the realty. Whether it be considered as a trade fixture, or, because of its permanent affixation, as a part of the realty itself, it belongs to the petitioners. ]
 

 The trial court found that the petitioner, the Copps Chapel Methodist Episcopal Church, through its trustees, is the owner of the church building, outbuildings, and other chattel property on the premises, and ordered, adjudged, and decreed that the
 
 *320
 
 trustees of the petitioner proceed to sell at private sale the church building and outbuildings, as in the petition described. The Court of Appeals rendered a similar judgment on appeal. This judgment was correct, and must be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson and Matthias, JJ., concur.