*218
 
 Weygandt, C. J.
 

 This unfortunate controversy results from a number of inadvertences in the transfer of the land described in the plaintiffs’ petition.
 

 On October 8,1936, Elgar and Elizabeth Weaver “in consideration of one dollar ($1.00) and other valuable considerations” deeded the tract to the village of Broolcville forever for use in perpetuity as a public park.
 
 That dead contains no forfeiture or reversion clause.
 

 The village received and accepted the deed and took possession of the land for park purposes. The citizens of the village made continuous use of the park as such. Then a year and a half later the village council passed an ordinance authorizing the mayor to re-convey the land to Elgar Weaver for the stated reasons that the land no longer was needed for municipal purposes and also that the village lacked the funds to comply with the maintenance provisions contained in the deed. Thereafter on April 20, 1938, the mayor and the clerk on behalf of the village executed a deed to Weaver “in consideration of one and no/100 dollars ($1.00) and other valuable considerations to it paid by Elgar Weaver, the receipt whereof is hereby acknowledged.” Incidental to this reconveyance there was
 
 no advertisement in a neivspaper of general circulation-,
 
 nor was there either consent or knowledge on the part of the park board consisting of three members who had been appointed to supervise and manage the park.
 

 The matter is confused further by evidence that the public use of the park continued for some time after the village had redeeded the land to Weaver.
 

 Several years after the reconveyance Weaver sold the land. The purchaser later resold the tract to the plaintiffs who still own all except the small parcel they subsequently sold to the cross-petitioners.
 

 
 *219
 
 The first contention of the plaintiffs and the cross-petitioners is that by his deed to the village Weaver conveyed merely a determinable fee and not a fee simple. They insist that inasmuch as the land was deeded to the village for use as a park, the title reverted to the grantor as soon as this use ceased. In other words, they contend that the deed from the village to Weaver was not necessary to revest the title in him but that the revesting occurred automatically when the use of the land for park purposes ceased.
 

 It is true that by the terms of the deed the village was required to use the land “in perpetuity for a park and pleasure ground purposes.” And it was provided further in the deed that “the foregoing restrictions shall be enforceable by injunction by the grantors, their heirs or assigns, or any citizen of the community who may be interested in the welfare of the park.” But these provisions fall far short of constituting a reversion clause or of making the fee a determinable one.
 

 In the third paragraph of the syllabus in the case of’
 
 City of Cleveland
 
 v.
 
 Herron,
 
 102 Ohio St., 218, 131 N. E., 489, this court unanimously held:
 

 “Where a conveyance of real estate for park and boulevard purposes is made to and accepted by a municipality, the stated consideration whereof was the sum of $3,000, which was paid, and the promise of the municipal authorities to improve said tract in the respects recited in the deed, ‘all of which shall be done as regards both manner and material pursuant to -the direction and discretion of the board of public service * * * as rapidly as possible;’ and pursuant thereto a large sum of money is thereafter expended, the proposed improvement not being at any time abandoned, the grantor will not be awarded a decree of cancellation and rescission of the conveyance for delay in the
 
 *220
 
 prosecution and completion of such improvement, particularly where no ground of forfeiture is stated in the conveyance.”
 

 On page 224 in that case appears the following statement by Matthias, J.:
 

 “It seems quite well settled that mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient in equity to warrant the rescission of an executed contract; and, further, that in the absence of fraud a deed for real estate will not be set aside as for a failure of consideration on the sole ground that the promises and agreements which entered into its execution, and which were to be performed in the future, have not been performed. So equity will not interfere ordinarily where a grantor has seen fit to accept a promise on the part of his grantee for the performance of certain acts, without specifically providing that failure to perform shall be a condition of forfeiture, or in some way affect the validity of the deed, or entitle him to a reconveyance. 4 Euling Case Law, 500, and 5 Pomeroy’s Equity Jurisprudence, Section 2108 (1 Pomeroy’s Equitable Eemedies, Section 686).
 

 ‘ ‘ The condition or proviso contained in this conveyance is quite general in its terms and in its requirements. It is neither a condition precedent to the passing of title, nor is it made by the terms of the conveyance a condition subsequent, requiring forfeiture of the title in the event of failure to fully perform the condition stated. When there is an agreement to make improvements on land and to do certain acts in the future as a part of the consideration for a conveyance, but performance is not made a condition subsequent, mere failure to perform on the part of the grantee, does not constitute a failure of consideration so as to entitle a grantor to rescission.
 
 Lawrence
 
 v.
 
 Gayetty et al.,
 
 78 Cal., 126.”
 

 
 *221
 
 In the syllabus in the later case of
 
 In re Matter of Copps Chapel Methodist Episcopal
 
 Church, 120 Ohio St., 309, 166 N. E., 218, this court held:
 

 “Where a quitclaim deed, for valuable consideration, conveys to trustees of an unincorporated church association certain real property, ‘To have and to hold * * * unto the said grantees and their successors * * * so long as said lot is held and used for church purposes,’ without any provision for forfeiture or reversion, such statement is not a condition or limitation of the grant. Since the deed contains no provision for reversion or forfeiture, all of the estate of the grantor was conveyed to the grantees. Hence, a church building affixed to the realty does not pass to the heirs of the grantors when such lot and building cease to be used for church purposes.”
 

 On page 313 in the case appears' the following statement by Allen, J.:
 

 “In the present deed, there are no words indicating an intent that the grant is to be void if the declared purpose is not fulfilled. The deed contains no words which indicate an intention that, if the grantee omitted to use the estate for church purposes, the same should thereupon be forfeited, and should revert to the heirs of the grantor.
 

 “It is an elementary proposition of law that conditions subsequent are not favored by the law, because on the breach of such conditions there is a forfeiture, and the law is adverse to forfeitures. 4 Kent’s Commentaries, 130;
 
 Stanley
 
 v.
 
 Colt,
 
 5 Wall. (72 U. S.), 119, 18 L. Ed., 502;
 
 Kilpatrick
 
 v.
 
 City of Baltimore,
 
 81 Md., 179, 31 A., 805, 27 L. R. A., 643, 48 Am. St. Rep., 509. Hence a condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose, without being coupled with words appropriate to make such condition.
 
 Packard
 
 v.
 
 Ames,
 
 16 Gray (82 Mass.), 327.
 

 
 *222
 
 “Where the language employed declares a condition and imports a forfeiture, a clause of re-entry is-not necessary, but we cannot insert into this deed, by mere judicial construction, words signifying a condition and reversion to grantors in the event the condition is broken.
 

 “ * * * and no deed will be construed as creating such a condition [subsequent] unless the language to that effect is so clear that no room is left for any other-construction.
 

 “This is the precise situation with regard to the-deed in question here. There are no words of condition or forfeiture in the deed. There is no reverterclause, nor any provision establishing the right of reentry. Hence, taking the deed by its four corners, it shows that the grantor intended to convey, and did' convey, to the grantees all of his estate in the land.”'
 

 Clearly in the instant case a fee simple title was-conveyed to the village.
 

 The next question relates to the effect of the deed from the village to Weaver.
 

 Section 3699, General Code, reads as follows:
 

 “No contract for the sale or lease of real estate shall be made unless authorized by an ordinance, approved' by the votes of two-thirds of all members elected to the council, and by the board or officer having supervision or management of such real estate. When such-contract is so authorized, it shall be made in writing by the board or officer having such supervision or management and only with the highest bidder, after advertisement once a week for five consecutive weeks in a newspaper of general circulation within the corporation. Such board or officer may reject any or all bids and readvertise until all such real estate is sold or leased.”
 

 There is no evidence that the park board or officer having supervision or management of the park ap
 
 *223
 
 proved the sale and reconveyance of the land to Weaver. One member of the park board testified that he did not even learn of the reconveyance to Weaver until “several months after it was done.”
 

 Furthermore, it is conceded that the transaction was not advertised in a newspaper.
 

 The plaintiffs and the cross-petitioners insist that compliance with these statutory requirements was not necessary. This view is based on the contentions that the transaction was not a sale or lease; that the village had merely a determinable fee; that the village simply abandoned the land and returned it to Weaver; and that hence no sale was necessary.
 

 One fatal difficulty with this theory is that, as previously observed, the deed from Weaver to the village contained no forfeiture or reversion clause and the village’s title was not a determinable fee but a fee simple which therefore was unaffected by the void deed executed by the village without advertising in conformity with the provisions of the statute. Hence, assuming without deciding that the village could dispose of the property, this deed being void, no title was conveyed to Weaver, and the citizens of the village of Brookville are not estopped from interposing a defense to this suit.
 
 Louisville & Nashville Rd. Co.
 
 v.
 
 City of Cincinnati,
 
 76 Ohio St., 481, at page 507, 81 N. E., 983.
 

 The courts below were correct in holding that the village of Brookville obtained a fee simple title to the land here involved and that this title was not affected by the attempted reconveyance to Weaver.
 

 Judgment affirmed.
 

 Matthias, Stewart and Taut, JJ., concur.
 

 Hart and Turner, JJ., dissent.
 

 Zimmerman, J., not participating.