(No. 8732—Decided February 15, 1960.)

*Messrs. Graydon, Head & Ritchey,* for appellant.
*Messrs. Rendigs, Fry & Kiely* and *Mr. William H. Hutcherson, Jr.,* for appellee.

LONG, J. This is an appeal on questions of law from a decision of the Common Pleas Court of Hamilton County, in which that court sustained a motion to quash service of summons. The petition alleges that plaintiff was a guest in the automobile of defendant, and that, as a result of the wilful and wanton misconduct of defendant, said automobile overturned going at a speed of 70 miles per hour, while rounding a curve on Ohio State Route 730 in Clinton County, Ohio.

Summons in the case was issued through the sheriff of Hamilton County to the sheriff of Franklin County for service on the Secretary of State of Ohio, as provided by law; thereafter, the sheriff of Hamilton County, Ohio, served the defendant, Nyborg, at his last known residence in Providence, Rhode Island, by registered letter, containing a copy of the writ, of the service upon the Secretary of State of Ohio. It was to this type of service, without entering his appearance, that defendant's motion to quash was directed. After hearing, the trial court sustained the motion. It was from this ruling of the trial court that the appeal to this court was made.

Nyborg, appellee, defendant below, has filed a motion to dismiss the appeal in this court on the sole ground that the granting of a motion to quash in the form entered by the trial court does not constitute a final order. There is no question that

a court speaks through its journal entries. The entry, made by the court in this case, is to the effect that "the motion to quash is granted"; it is to be noted that the entry does not dismiss the case.

The only question before this court is whether the granting of a motion to quash in form as above stated is a final order from which appeal may be had to this court. In our opinion, the answer is No.

Section 4515.01 of the Revised Code of Ohio provides as follows:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured against such owner or operator in the county in which such injury occurred. A summons in such action against any defendant shall be issued to the sheriff of any county within this state in which such defendant resides and may be served as in other civil actions."

True this section authorizes the filing of suit in any county where injury to person or property occurs in such county as the result of the operation of a motor vehicle.

In the case at bar, suit was filed in Hamilton County, Ohio, obviously a county in which the injury did not occur; therefore, the effort to get service on defendant in Hamilton County is unavailing, unless by alias summons, proper service can be had on defendant.

Let us now look at Section 2307.39, Revised Code, which provides for "venue in other actions":

"All actions, other than those mentioned in Sections 2307.32 to 2307.38, inclusive, of the Revised Code, must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which case summons may issue to any county."

This section definitely limits the bringing of certain actions, with the exception of the type in question and those excepted in the statute, to the county of the residence of the defendant or where he may be summoned.

In an action of the type herein, the defendant could be sued

in Clinton County, Ohio, but not in Hamilton County, unless one of the conditions enumerated in Section 2307.38, Revised Code, exists. This section provides for "venue of actions against nonresidents," as follows:

"An action, other than one of those mentioned in Sections 2307.32 to 2307.35, inclusive, of the Revised Code, against a nonresident of this state, or a foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof arose."

It is true that the probability of obtaining service on defendant is remote, that is, that in Hamilton County "there is property of or debts owing to the defendant," or that defendant may come to Hamilton County, and *be found in Hamilton County*; nevertheless, such occurrences are possible. It is no answer to say that defendant does not now have any property or debts in Hamilton County and that in all probability he will forever absent himself from this county. The statute definitely provides situations for good service by alias summons. If plaintiff insists on maintaining his action in Hamilton County, he must take the chance that one of the situations may develop in the future that will enable him to get good service; otherwise, he must file his suit in Clinton County, Ohio.

The motion to dismiss this appeal, on the ground that the granting of the motion to quash service in the court below was not a final order, is granted, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Appeal dismissed.*

Matthews, P. J., and O'Connell, J., concur.