LITTLE MIAMI, INC., APPELLEE, *v.*
WISECUP, APPELLANT.

240

(No. C-830289—Decided January 4, 1984.)

Messrs. *Manley, Jordan & Fischer,* Mr. *Timothy M. Burke* and Mr. *Andrew S. Lipton,* for appellee.

Messrs. *Patterson & Nolan* and Mr. *John J. Nolan, Sr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The instant appeal is taken from the order of the court of common pleas entering judgment as a matter of law pursuant to Civ. R. 56 in favor of the plaintiff in an action for declaratory relief and money damages arising out of a dispute that concerned the ownership of a strip of land originally acquired for use as a railroad right-of-way. In the only assignment of error advanced by the defendant-appellant, Frank Wisecup, the question posed to us is whether the Little Miami Railroad Company acquired an indefeasible fee simple interest, as opposed to some lesser interest, in the property when it took possession of the land from Nathaniel and Abby Armstrong pursuant to the terms of a deed executed and recorded in 1840.

The plaintiff-appellee, Little Miami, Inc., is a nonprofit corporation devoted to the preservation and development of the Little Miami River and those regions of land adjoining its banks. In 1980, as part of a plan to establish a corridor of parks and recreation areas along the river, it acquired the strip of land here in issue by a quitclaim deed from the Penn Central Railroad Company, which as the successor in interest to the Little Miami Railroad Company, had continued to utilize the property as a right-of-way in connection with the operation of a commercial freight line until the latter part of the 1970's.

In the course of a routine inspection of the property following its acquisition in 1980, a representative of Little Miami, Inc. discovered that a road had been cut through the right-of-way, and that a substantial portion of the ballast had been removed from the track bed of the railroad to accommodate the roadway. When further investigation established that Frank Wisecup, a landowner whose property abutted upon the right-of-way, was responsible for the installation of the encroaching roadway, the instant action was commenced in the court of common pleas with Little Miami, Inc., alleging that Wisecup had, by his actions, committed a trespass upon property that was owned in fee simple by Little Miami, Inc., as a consequence of the uninterrupted chain of title originating with the deed executed in 1840 by Nathaniel and Abby Armstrong.

In granting summary judgment in favor of Little Miami, Inc., the judge presiding in the court below specifically found that the 1840 deed created an indefeasible fee simple interest to which Little Miami, Inc., succeeded, and upon a stipulation of the parties resulting from that finding, damages were awarded to the corporation in the sum of $560.

Our review of the judge's finding must turn upon an examination of the terms of the deed, the relevant portions of which appear in the record as follows:

"Whereas it has become necessary and convenient that the 'Little Miami Rail Road Company' should hold the following described real estate for the purposes prescribed in the act entitled an act 'To incorporate the Little Miami Rail Road Company,' * * * on which to construct a Rail Road and for no other purpose. I

Now therefore in consideration of the sum of five hundred dollars in the capital stock of said Rail Road Company and five hundred dollars in money to us paid by said Company the receipt whereof is hereby acknowledged, *have granted, bargained, sold, aleined [sic], and convey unto 'The Little Miami Rail Road Company' All and singular the real estate so as above described, To have and to hold the same to The Little Miami Rail Road Company, their successors and assigns forever."* (Emphasis added.)

Citing *In re Copps Chapel Methodist Episcopal Church* (1929), 120 Ohio St. 309, and several other case authorities, Little Miami, Inc., now argues that the deed conveyed a fee simple interest that was not subject to divestiture by reversion or other means, notwithstanding the prefatory language in the instrument stating that the property was being acquired "to construct a Rail Road and for no other purpose." In the absence of express words of forfeiture, divestiture, or reversion, Little Miami, Inc. reasons that the introductory language was without legal significance, simply described the purpose of the acquisition, and in no way limited the nature of what was otherwise clearly defined as the conveyance of an indefeasible fee simple estate.

To counter this argument, Wisecup relies upon *Hinman v. Barnes* (1946), 146 Ohio St. 497 [32 O.O. 564], and maintains that the deed created only an easement because there was language specifically restricting the use of the property to the construction of a railroad, and there was no further language expressly granting a fee interest. From this, he concludes that the easement was extinguished prior to Little Miami, Inc.'s attempted acquisition of the property by quitclaim deed when Penn Central abandoned the right-of-way as part of its commercial freight line.

In our estimation, Wisecup can derive no comfort from *Hinman, supra,* in view of the particular factual posture of the instant case. In *Hinman,* the granting clause of the instrument specifically conveyed only a right to use the described property for railroad purposes only, and there was additional language expressly providing that the property would revert to the grantor in the event that it was not used for railroad purposes for an uninterrupted period of two years. On the strength of such language, the Ohio Supreme Court concluded, distinguishing *In re Copps Chapel, supra,* that the instrument conveyed not a fee, but an easement for the purposes of the operation of a railway. *Hinman, supra,* at 505-508. The *In re Copps Chapel* decision was found inapplicable because the granting clause in that case conveyed all of the right, title and interest in the property and the only limitation in the instrument was set forth in a separate habendum clause. *Hinman, supra,* at 507.

Unlike *Hinman,* the granting clause of the deed in the instant case did not refer to the grant as a right, but instead specifically conveyed and released the real estate "all and singular." The words of limitation concerning the use of the property only for the construction of a railroad appeared not in the granting clause, but in a separate clause that served, in our judgment, merely to describe the purpose of the acquisition.

Recognizing these distinctions, we take it as our duty to examine the terms of the deed in the instant case with an eye toward giving effect to the intention of the parties as it is expressed in the four corners of the instrument. *Hinman, supra,* at 508; *In re Copps Chapel, supra,* at 315. In so doing, we are persuaded, as was the court in *In re Copps Chapel,* that where, as here, the granting clause conveys all the described real estate and contains no words of condition or forfeiture, there is no reverter clause or provision for a right of re-entry, and the only words of limitation appear in a prefatory clause describing the purpose of the acquisition (a purpose that was, we note, fully realized), the intention of the parties is to con-

vey, and the deed, in effect, does convey, an indefeasible fee simple interest in the property. We must conclude, therefore, that the trial judge appropriately declared Little Miami, Inc., to be the owner in fee of the strip of land over which Wisecup constructed the roadway, and that the corporation was entitled to summary judgment on its claim of trespass. The assignment of error is, accordingly, without merit.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUS-MEIER, JJ., concur.