DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment entered in favor of Altus Metals, Inc., defendant below and appellee herein. The trial court concluded that appellee is the rightful owner of real property that the Village of Seaman, plaintiff below and appellant herein, previously had conveyed to appellee.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER THE DEED CANCELED AS AN EQUITABLE REMEDY."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND A CONSTRUCTIVE TRUST AROSE AS A RESULT OF THE CONVEYANCE BY DEED TO ALTUS AND CANCELLATION OF LAND CONTRACT PURSUANT TO ALTUS' REQUEST."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO REFORM THE DEED AS AN EQUITABLE REMEDY."
Our review of the record reveals the following relevant facts. The Village of Seaman is located in an economically depressed region. In an effort to bring industry to the area, the Village agreed to sell appellee two parcels of real estate. Appellee had advised the Village that it would use the property for manufacturing purposes and that it would help generate employment for local residents.
On February 8, 1990, the parties signed a land contract. The contract provided that appellee "shall establish a business for the principal purpose of manufacture of metal products" and "shall construct a suitable facility for it's [sic] manufacturing purposes." The contract further specified that appellee would employ local residents.
The contract also contained a clause that stated:
 "The parties specifically agree that the construction of a suitable and permanent manufacturing facility, as well as employment of area residents, is the essence of purpose of this contract. If the vendee fails in any term of consideration this agreement shall automatically terminate and become null and void.
* * * *
 Upon fulfillment of the obligations of the vendee, the vendor shall convey the subject premises to the vendee by Warranty Deed."
The parties subsequently executed an addendum to the land contract. The addendum specified that in the event of default of Altus Metals of any provision of said land contract, acreage deeded to Altus Metals by said Village shall revert to the Village of Seaman at the selling price of $1.00 per acre.
On April 19, 1991, appellant conveyed by deed the real property to appellee. The deed contained no restrictions relating to the use or enjoyment of the real property. In October of 1991, the parties canceled the land contract.
Subsequently, appellee's attempt to establish a manufacturing business and to employ local residents failed. Appellant thus sought to enforce its right under the land contract to declare the transaction null and void. Appellee refused to recognize appellant's right to a return of the property.
On October 23, 1997, appellant filed a complaint for cancellation of the deed. Appellant alleged that there had been a failure of consideration because appellee failed to comply with the land contract. Appellant subsequently filed an amended complaint alleging a cause of action for imposition of a constructive trust and a cause of action alleging reformation of the deed due to a mutual mistake.
On September 10, 1999, following a bench trial, the trial court entered judgment in appellee's favor. The court found that the land contract had merged into the deed and that appellant delivered the deed to appellee free of restrictions. The court further found that: (1) appellee had not engaged in any type of fraudulent conduct during the transactions; (2) there had not been a failure of consideration; (3) appellee had not been unjustly enriched; and (4) appellant failed to establish a mutual mistake. The court thus denied appellant's request to: (1) cancel the deed; (2) impose a constructive trust; or (3) reform the deed. Appellant filed a timely notice of appeal.
 I
In its first assignment of error, appellant contends that the trial court erred by failing to conclude that appellant was entitled to a cancellation of the deed. Appellant asserts that it is entitled to a cancellation of the deed for two primary reasons. First, appellant argues that appellee misrepresented the facts underlying the cancellation of the land contract.[1]
Appellant alleges that it agreed to cancel the land contract and to convey the land to appellee by deed upon appellee's assurances that appellee would continue to fulfill the conditions set forth in the land contract. Appellant appears to argue that because appellee allegedly agreed that the provisions of the land contract would survive the conveyance of the deed and because appellee subsequently failed to fulfill its alleged oral promise to continue to comply with the terms of the land contract, appellee's actions constitute misrepresentation.
Second, appellant contends that it is entitled to have the deed canceled due to a failure of consideration. Appellant contends that appellee's promises contained within the land contract constituted the consideration for the deed and that because appellee failed to fulfill the terms of the land contract, a failure of consideration resulted.
Appellee argues that appellant may not maintain an action upon the land contract. Appellee notes that the provisions of the land contract were merged into the deed. Appellee further notes that the merger rule may not apply if fraud or mistake occurred in the transaction, but asserts that in the case sub judice appellant failed to establish any applicable exception.
Initially, we note that judgments supported by competent, credible evidence will not be reversed. See Vogel v. Wells
(1991), 57 Ohio St.3d 91, 566 N.E.2d 154; Ross v. Ross (1980),64 Ohio St.2d 203, 414 N.E.2d 426; C.E. Morris v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not re-weigh the evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273, 1276. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. As the court stated in Seasons Coal,10 Ohio St.3d at 80, 461 N.E.2d at 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
The construction of written instruments is a matter of law.
Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146, paragraph one of the syllabus. When construing a deed, a court must examine the language contained within the deed, "`the question being not what the parties meant to say, but the meaning of what they did say, as courts can not put words into an instrument which the parties themselves failed to do.'"Meadows v. Meadows (June 20, 1997), Scioto App. No. 96 CA 2436 (quoting Larwill v. Farrelly (1918), 8 Ohio App. 356, 360).
 "[When] the granting clause conveys all the described real estate and contains no words of condition or forfeiture, there is no reverter clause or provision for a right of re-entry, and the only words of limitation appear in a prefatory clause describing the purpose of the acquisition * * * the intention of the parties is to convey, and the deed, in effect, does convey, an indefeasible fee simple interest in the property."
Little Miami, Inc. v. Wisecup (1984), 13 Ohio App.3d 239, 241-42,468 N.E.2d 935, 938.
We note that "[a] deed executed in the correct form is presumed to be valid and will not be set aside except upon clear and convincing evidence. Therefore, a party seeking rescission and cancellation of a deed * * * bears the burden of proof by clear and convincing evidence." Henkle v. Henkle (1991), 75 Ohio App.3d 732,735, 600 N.E.2d 791, 793-94 (citing Weaver v. Crommes
(1959), 109 Ohio App. 470, 474-75, 167 N.E.2d 661, 664-65)
The Supreme Court of Ohio has defined "clear and convincing evidence" as
 "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
In re Haynes (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23,26; see, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54, 60. In reviewing whether the lower court's decision was based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel, 55 Ohio St.3d at 74,564 N.E.2d at 60. If the lower court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment.Id. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id.
In the case at bar, we initially note that neither party challenges whether the deed was properly executed. Moreover, we note that an examination of the plain language contained within the deed reveals no words of condition or forfeiture, no reverter clause or provision for a right of re-entry. Thus, unless appellant demonstrates by clear and convincing evidence that an exception to the general rule of in favor of finality of land transactions exists, we will not set aside the deed. See, generally, State ex rel. Falke v. Montgomery Cty. ResidentialDev., Inc. (1988), 40 Ohio St.3d 71, 73, 531 N.E.2d 688, 690
(stating that "the law abhors a forfeiture"); Ensel v. LumberIns. CO. of New York (1913), 88 Ohio St. 269, 281, 102 N.E. 955,959.
Appellant first argues that the deed should be set aside because appellee engaged in fraudulent conduct by misrepresenting the facts underlying the cancellation of the land contract. In order to establish a cause of action for fraudulent misrepresentation, the plaintiff must prove: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69,491 N.E.2d 1101, paragraph two of the syllabus. A deed will not be set aside on the basis of fraudulent misrepresentation unless the plaintiff proves such conduct by clear and convincing evidence. See Henkle, supra.
In the instant case, the trial court apparently found no credible evidence that appellee misrepresented a material fact to the transaction. Because the trial court is in the best position to evaluate the credibility of witnesses, we will not substitute our judgment for that of the trial court. See Seasons Coal,supra.
Appellant next argues that the deed should be set aside because of a failure of consideration. We do not believe, however, that the alleged failure of consideration inevitably results in a rescission, or cancellation, of the deed. In Miller v. Brookvile
(1949), 152 Ohio St. 217, 89 N.E.2d 85, the court explained:
 "`It seems quite well settled that mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient in equity to warrant the rescission of an executed contract; and further, that in the absence of fraud a deed for real estate will not be set aside as for a failure of consideration on the sole ground that the promises and agreements which entered into its execution, and which were to be performed in the future, have not been performed. So equity will not interfere ordinarily where a grantor has seen fit to accept a promise on the part of his grantee for the performance of certain acts, without specifically providing that failure to perform shall be a condition of forfeiture, or in some way affect the validity of the deed, or entitle him to a reconveyance. * * * *.
 * * * * When there is an agreement to make improvements on land and to do certain acts in the future as a part of the consideration for a conveyance, but performance is not made a condition subsequent, mere failure to perform on the part of the grantee, does not constitute a failure of consideration so as to entitle a grantor to rescission. * * * *.'"
Id., 152 Ohio St. at 220, 89 N.E.2d at 86-87 (quoting Clevelandv. Herron (1921), 102 Ohio St. 218, 224, 131 N.E. 489, 491) (citations omitted) (emphasis added).
In the case at bar, appellant allegedly accepted appellee's purported promise that appellee would build a manufacturing business and would employ local residents without inserting a specific provision in the deed that appellee's failure to fulfill the foregoing promise would be a condition of forfeiture.[2]
Consequently, "equity will not interfere."
Moreover, we agree with appellee that the doctrine of merger precludes appellant from seeking to enforce the terms of the land contract. The doctrine of merger provides that "when a deed is delivered and accepted without qualification, the general rule is that the contract is merged in the deed; no cause of action upon the prior agreement then exists.'" Mayer v. Sumergrade (1960),111 Ohio App. 234, 239, 167 N.E.2d 516, 518 (quoting 40 Ohio Jurisprudence, 1001, Section 90); see, also, Fuller v. Drenberg
(1965), 3 Ohio St.2d 109, 111, 209 N.E.2d 417, paragraph one of the syllabus; Thornton v. Guckiean Co., Inc. (1991), 77 Ohio App.3d 794,799-800, 603 N.E.2d 1066, 1069. Under the doctrine of merger, the rights of the parties must be determined by the deed so given in execution of the prior agreement.'" Mayer,111 Ohio App. at 239, 167 N.E.2d at 518 (quoting 40 Ohio Jurisprudence, 1001, Section 90).
The merger doctrine does not apply, however, if: (1) one of the parties engaged in fraudulent conduct; (2) a mistake resulted; or (3) the prior agreement was collateral to the conveyance. Id. InMayer, the court explained:
 "`In the absence of fraud or mistake, and except where the contract for the sale of land creates rights collateral to or independent the conveyance, the general rule is that acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein, with certain exceptions hereinafter noted, are merged in the deed, although omitted therefrom.'"
Id. (quoting 40 Ohio Jurisprudence, 1001, Section 90)
In Fuller, supra, the court held that the doctrine of merger precluded a cause of action for the failure of a condition stated in the purchase agreement but not included in the deed. In Fuller, the plaintiffs executed a written purchase agreement to obtain a vacant piece of property. The plaintiffs intended to build a house upon the lot. The purchase agreement was expressly conditioned upon the city issuing a building permit. The sale was completed, the deed was transferred to the plaintiffs, and the city issued the building permit. Subsequently, however, the city revoked the building permit. The plaintiffs filed suit against the defendants seeking reformation of the deed and rescission of the contract of sale and conveyance.
The Ohio Supreme Court held that when "a deed is delivered and accepted without qualification pursuant to agreement, no cause of action upon the prior agreement thereafter exists." Id.,
paragraph one of the syllabus. The court stated that the plaintiffs "were limited to the express covenants of the deed."Id., 3 Ohio St.2d at 111, 209 N.E.2d at 419. Thus, the court concluded that the plaintiffs could not maintain a cause of action based upon the contract for sale.
In the case at bar, we agree with the trial court's conclusion that the doctrine of merger applies to preclude an action upon the prior land contract. Appellant delivered the deed to appellee free of restrictions.
Moreover, we agree with the trial court that none of the exceptions to the merger doctrine apply. As we stated above, appellant failed to satisfy its burden of demonstrating fraud or misrepresentation. We find nothing in the record to cause us to question the trial court's finding that appellee did not engage in fraudulent conduct. Furthermore, as explained in our discussion of appellant's third assignment of error, we find appellant's claim of mistake unavailing.
Additionally, we do not believe that the collateral agreement exception defeats application of the doctrine of merger. For this exception to apply, the agreement must be independent of the main purpose of the agreement.[3] A provision is collateral to and independent of the agreement if it does not concern the title, occupancy, size, enjoyment, possession or quantity of a parcel.Medeiros v. Guardian Title Guaranty Agency. Inc. (1978),57 Ohio App.2d 257, 259, 387 N.E.2d 644, 646. Because a collateral agreement does not merge into the deed, a breach of it may give rise to a cause of action. Id.
In the case at bar, the provisions of the land contract pertaining to appellee's obligation to build a manufacturing business and to employ local residents concerned appellee's use and enjoyment of the land and, thus, constituted a non-collateral agreement. See id. The land contract therefore merged into the deed and no cause of action exists for breach of the prior agreement. See id.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In its second assignment of error, appellant contends that the trial court erred by not imposing a constructive trust upon the subject property. Appellant argues that appellee failed to comply with the terms of the land contract and, thus, appellee is not equitably entitled to possession of the property.
In Ferguson v. Owens (1984), 9 Ohio St.3d 223, 225,459 N.E.2d 1293, 1295, the court defined a constructive trust as follows:
 "`* * * [A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice. * * *'"
(Quoting 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221)
The Ferguson court continued:
 "A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud. However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud. See 53 Ohio Jurisprudence 2d (1962) 578-579, Trusts, Section 88; V Scott on Trusts (3 Ed. 1967) 3412, Section 462.
 In applying the theories of constructive trusts, courts also apply the well known equitable maxim, `equity regards done that which ought to be done.'"
Id., 9 Ohio St.3d at 225, 459 N.E.2d at 1295-96.
We also find the following language helpful to our analysis:
 "`A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. The duty to convey the property may arise because it was acquired through fraud, duress, undue influence or mistake, and through a breach of fiduciary duty, or through the wrongful disposition of another's property. The basis of the constructive trust is the unjust enrichment which would result if the person having the property were permitted to retain it. Ordinarily, a constructive trust arises without regard to the intention of the person who transferred the property.' 5 Scott on Trusts 8-9, Section 404.2 (1967)."
Bilovocki v. Marimberga (1979), 62 Ohio App.2d 169, 171-72,405 N.E.2d 337, 340.
A constructive trust may not be imposed simply because there has been a moral wrong or abuse of a business or other relationship. Croston v. Croston (1969), 18 Ohio App.2d 159,247 N.E.2d 765, 768. Rather, it requires a showing of a wrongful acquisition or retention of property. Id..
In the case at bar, we find no evidence of a wrongful acquisition or retention of property. Moreover, we agree with the trial court's conclusion that appellee had not been unjustly enriched. Again, we will not substitute our judgment for that of the trial court. Seasons Coal, supra. Thus, we believe that the trial court properly determined that appellant was not entitled to the equitable remedy of imposition of a constructive trust.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III
In its third assignment of error, appellant argues that the trial court erred by failing to reform the deed. Appellant contends that the deed should be reformed due to the parties' alleged mutual mistake as to the amount of land appellee would need to comply with the terms of the land contract. Appellant notes that it conveyed over six acres of land to appellee, yet appellee made use of only one acre of that land. Thus, appellant contends that a mistake occurred as to the amount of land appellee needed.
Equity allows reformation of a written instrument when, due to mutual mistake on the part of the original parties to the instrument, the instrument does not evince the parties' actual intention. Mason v. Swartz (1991), 76 Ohio App.3d 43, 50,600 N.E.2d 1121, 1125. "The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof * * *." Delfino v. Paul Davies Chevrolet, Inc.
(1965), 2 Ohio St.2d 282, 286, 209 N.E.2d 194, 197.
 "Reformation of a contract is an equitable remedy which may be used to conform the written agreement to express the actual understanding of the parties. The theory of this remedy is that the parties came to an understanding but when reducing it to writing some provision or language was omitted through mutual mistake. In other words, reformation of a contract is appropriate where the written agreement does not accurately reflect the true understanding of the parties, and it is used to effectuate their true intent."
Concrete Wall Co. v. Brook Park (Feb. 26, 1976), Cuyahoga App. Nos. 34054, 34090, 34171, unreported (citing Greenfield v. AetnaCas. Ins. Co. (1944), 75 Ohio App. 122, 61 N.E.2d 226).
A person seeking reformation of a written instrument must prove by clear and convincing evidence that the mistake regarding the instrument was mutual. Stewart v. Gordon (1899), 60 Ohio St. 170,53 N.E. 797, paragraph one of the syllabus; Justarr Corp. v.Buckeye Union Ins. Co. (1995), 102 Ohio App.3d 222, 225,656 N.E.2d 1345, 1346. Clear and convincing evidence is the degree of evidence necessary to elicit in the mind of the trier of fact a firm belief or conviction as to the allegations to be established. See In re Haynes, supra.
In an action for reformation, "credible testimony concerning the conduct of the parties, any course of dealing between them, and the method of handling the specific transaction in question are entitled to great weight in determining the ultimate facts * * *." Castle v. Daniels (1984), 16 Ohio App.3d 209, 212,475 N.E.2d 149, 152.
In Reilley v. Richards (1994), 69 Ohio St.3d 352,632 N.E.2d 507, the court discussed the mutual mistake doctrine as follows:
 "This court recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances. In Irwin v. Wilson (1887), 45 Ohio St. 426, 15 N.E. 209, we held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is `a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.' 1 Restatement of the Law 2d, Contracts (1981), 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake."
In Reilley, the court concluded that a mutual mistake occurred when the buyer of property subsequently discovered that he could not build a home on the property due to the property being situated on a flood plain and when neither party knew at the time of closing that the property was situated on a flood plain.
In a case similar to the case at bar, the court concluded that the complaining party was not entitled to reformation of the deed. In Weiner v. Kopp (June 25, 1997), Hamilton App. Nos. C-960611 and C-960631, unreported, Kopp leased a parcel of real estate to the Weiners. The lease contained a restriction that prohibited the Weiners from using the property to sell petroleum products. The lease also contained an option-to-purchase clause. The option-to-purchase clause provided that if the option were exercised, the foregoing restriction would continue and would be included in the deed of conveyance.
In 1987, the Weiners informed Kopp of their desire to exercise the option. The Weiners' attorney drafted the deed. The deed did not, however, contain the petroleum restriction. Kopp signed the deed without reading it. In 1993, Kopp first discovered that the lease did not contain the restriction.
Kopp filed an action for reformation of the deed based upon a mutual mistake. The court denied Kopps' request for equitable relief finding that the mutual mistake did not apply. The court concluded that a failure to read the deed and to be aware of the deed's contents precluded Kopps' action. Cf. Pharmacia Hepar,Inc. v. Franklin (1996), 111 Ohio App.3d 468, 478,676 N.E.2d 587, 594 (suggesting that failure to insist on term in final agreement when term had appeared in prior agreements precludes complaining party from remedy of reformation based upon mutual mistake)
In the case at bar, appellant presumably read the deed. Appellant did not, however, insist on including reversionary or forfeiture language in the granting clause. As the court explained in Concrete Wall Co., supra:
 "Naturally, if the instrument is clear and unambiguous and reflects the true intent of the parties, reformation is inappropriate. Equity will not, under the guise of reformation, make a new contract for the parties which does not reflect their actual intent. Stewart v. Gordon (1899), 60 Ohio St. 170, paragraph two of the syllabus. The purpose of reformation is not to make a new agreement but to give effect to the one actually made by the parties, which is not accurately reflected in the written agreement."
See, also, Greenfield, 75 Ohio App. at 129, 61 N.E.2d at 230. Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. KLINE, P.J.: Concur in Judgment Opinion
 _____________________ PETER B. ABELE, JUDGE
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellee argues that appellant is precluded from arguing misrepresentation. Appellee notes that appellant's complaint did not allege misrepresentation. We believe, however, that we may consider appellant's misrepresentation argument under the umbrella of fraud or fraudulent conduct. We note that appellant's complaint asserted a cause of action for fraud.
[2] Had appellant inserted a valid condition subsequent in the deed, appellant may have had a stronger claim to recover the land. See, generally, Long v. Long (1976), 45 Ohio St.2d 165,343 N.E.2d 100; In re Copps Chapel Methodist Episcopal Church (1929),120 Ohio St. 309, 166 N.E. 218; Taylor v. Commrs. of MadisonCounty (1961), 113 Ohio App. 344, 178 N.E.2d 46; Walker v. LucasCounty Bd. Commrs. (1991), 73 Ohio App.3d 617,598 N.E.2d 101.
[3] In Mayer, supra, the court explained the collateral agreement exception as follows:
 "`A very general exception to the foregoing [general rule of merger] relates to collateral stipulations incorporated in the contract but not in the deed. In this regard it is to be observed that a contract for a deed antedates the execution of the deed, and may, and often does, contain many provisions which the execution of the deed neither adds to nor takes away from. A deed is a mere transfer of the title, a delivery so to speak of the subject matter of the contract. It is the act of but one of the parties, made pursuant to a previous contract either in parol or in writing. It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, a contract for the sale of land. There are many things pertaining to the contract which it is manifest are never inserted in a deed.'" Id., 111 Ohio App. at 240, 167 N.E.2d at 519 (quoting 84 A.L.R. 1009).