# Richmond

## H. Dinwiddie Martin and Mariam W. Martin v. Norfolk Redevelopment and Housing Authority, Et Al.

March 8, 1965.

Record No. 5861.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

*Howard I. Legum* (*Fine, Fine, Legum, Schwan & Fine,* on brief), for the appellants.

*Francis N. Crenshaw* (*Baird, Crenshaw & Ware,* on brief), for appellee, Norfolk Redevelopment and Housing Authority.

(*S. W. McGann, Jr., Assistant City Attorney,* on brief), for City of Norfolk.

BUCHANAN, J., delivered the opinion of the court.

The principal question in this case is whether the appellants, H. Dinwiddie Martin and Mariam W. Martin, have a reversionary interest in a tract of land formerly known as Taylor Park, in the city of Norfolk.

The appellants are the heirs of Joel W. Martin and others, grantors in a deed dated April 15, 1922, which conveyed to the city of Norfolk all the right, title and interest of the grantors by reason of their ownership of No. 314 York street, in Norfolk, in the land lying between a line parallel with and two hundred feet north of York street on the south and Smith Creek on the north, and between Yarmouth street on the east and Dunmore street on the west.

As consideration for this deed, in addition to five dollars in cash, the city agreed and covenanted (1) to open a street extending from Yarmouth street on the east to Dunmore street on the west; (2) to

obtain, simultaneously with the Martin deed, similar conveyances from the owners of all the other properties fronting on the north side of York street, between Yarmouth and Dunmore streets, for their interests in the same parcel of land; and (3) that it would bulkhead and fill in the land so acquired and construct a park or playground thereon for the benefit of the citizens of Norfolk; "and the City of Norfolk hereby agrees that the said land shall not be used for any other purpose, and that no buildings shall be erected thereon, except such as are necessary and incidental to the use of the park, or play-ground."

The concluding paragraph of the Martin deed stated that it was mutually understood between the parties "that unless the city of Norfolk complies with its said covenant and conditions, as above set forth, within twenty-eight months from the date hereof, then this deed shall become null and void."

It is not questioned, but is conceded by the appellants, that the city obtained deeds for the interests in said parcel of land from all the other described owners on York Street, all dated April 15, 1922, and containing the same provisions as the Martin deed; and that the city opened the street and constructed the park (naming it Taylor Park), all as covenanted in the deed and within the twenty-eight months therein specified.

Appellants say in their brief that the "City of Norfolk complied with the conditions set forth in the deed until September 19, 1960."

The park was constructed and maintained by the city until a re-development project, as defined in § 36-49 of the Code, was under-taken, with the approval of the city, which involved the abandon-ment of Taylor Park and the building and operating of another park in the same area in its place.

Pursuant to that plan the city, by deed dated September 19, 1960, conveyed said Taylor Park property to Norfolk Redevelopment and Housing Authority, one of appellees, hereinafter referred to as the Authority, a corporation and political subdivision of the Common-wealth, created by and operating under the Housing Authorities Law, Title 36 of the Code, as amended.

In October, 1963, the Authority instituted this proceeding by a petition to condemn and acquire the interest of the public, if any, in said property by reason of the provision in the above-mentioned deeds to the city from Joel W. Martin and others, which contained the provision quoted above, that the land conveyed thereby "shall not be used for any other purpose" than a park or playground, under

which provision the appellants, as heirs of the grantors in the Martin deed, claim a reversionary interest.

The Authority made defendants to its petition the city of Norfolk "as Trustee for any of its citizens having an interest in the aforementioned property"; the heirs, devisees and assigns of the grantors in the Martin deed, and others similarly interested whose names and addresses were unknown. Process was issued and served, and order of publication was executed and the appellants filed their answer alleging that they were the heirs of the grantors in the Martin deed and stating that "they do not know at this time whether they do or do not have any interest in the real estate, which is being condemned," but that if they do then they ask the court to award them reasonable compensation for their interests.

The city answered and denied that it held as trustee for the benefit of any of its citizens any interest in said property, or that any interest had reverted to any other person.

By order entered December 4, 1963, commissioners were appointed and directed to ascertain what would be just compensation for any outstanding interest in said land and to award damages, if any, resulting to the defendants or other persons, and December 10, 1963, was designated as the time for the commissioners to meet. On that day appellants filed a plea to the jurisdiction of the court, in which they alleged that only a court of equity had jurisdiction to determine whether they had a reversionary interest.

On December 10, 1963, the appellants made a motion for the court to refrain from hearing the question of reversionary interests until the commissioners returned their award, whereupon the court heard evidence offered by the parties and then entered its decree overruling appellants' plea and motion and adjudicating that no reversionary interest existed in any of the defendants by virtue of the city's abandonment of the property for park and playground purposes, and that the fee simple title to said property was vested in the petitioner under the city's deed to it, "subject only to any interest which the City of Norfolk may have therein as trustees for the benefit of any of its citizens by virtue of its covenants to use the same as a park or playground."

Thereafter the commissioners reported that no compensation was required for the land described in the petition, and that the damages to the adjacent or other property of the owners, or of any other person or persons, beyond the peculiar benefits that would accrue

to them from the construction and operation of the project of the Authority was one dollar.

Appellants filed exceptions to the report which were overruled by decree entered December 24, 1963, and the report of the commissioners was thereby confirmed and the fee simple title to the property was adjudicated to be in the Authority.

The record shows that the court, counsel and commissioners viewed the land in controversy, the surrounding neighborhood and the site of the new park; that the evidence was that the redevelopment plan required that the city provide a new public park in the vicinity of the land involved in this proceeding, which will be open to the public and larger than the Taylor Park which was closed, and that no person appeared to assert any damage by virtue of this condemnation.

The errors assigned by the appellants to the decrees of December 4 and December 24, 1963, are in substance that the court erred (1) in overruling their plea to the jurisdiction; (2) in deciding the question of reversionary interests before the commissioners made their award; and (3) in holding that the appellants had no reversionary interest in the property.

■ The first two require little discussion. The Authority has the power of eminent domain, Code § 36-27 (1964 Cum. Supp.). The Corporation Court of the City of Norfolk has jurisdiction to condemn property, Code § 25-46.4; and any interest in or claim to land is property, Code § 25-46.3. No reason is perceived why a judge sitting in an eminent domain proceeding cannot construe a deed as readily as a judge sitting in a court of equity. Appellants' contention to the contrary is without merit.

■ It was entirely logical and proper for the court to determine whether any reversionary interest existed in the property before sending the commissioners out to ascertain what would be a just compensation for such interest. The petitioner sought to condemn the interests of the defendants in the property involved, if any in fact existed by reason of the abandonment of the property as a park which the city had promised in its deeds to construct and had constructed. If defendants had no interest in the property then there was no interest to condemn and it would have been mere exercise in futility to direct the commissioners to ascertain a just compensation for an interest that did not exist. The statutes referred to by the appellants, §§ 25-46.17, 25-46.18 and 25-46.28, do not require that the decision of the issue in this case, *i.e.,* whether there was any

interest to condemn, should await the report of the commissioners as to what would be the value of such interest if it existed.

■ We hold also that the court correctly decided that "there does not exist in any of the defendants to this proceeding any reversionary interest by virtue of the City of Norfolk's abandonment of the property for park and playground purposes."

As pointed out above, the active covenants of the city contained in all the deeds were to open the street, obtain the companion deeds, and fill in the land and construct a park or playground thereon. It is clear that these were the covenants to which the time limit of twenty-eight months in the last paragraph of the deeds applied. That limit could not in the nature of things apply to the agreement of the city that the land should not be used for any other purpose than a park or playground. Upon the fulfillment of these active covenants within the twenty-eight months, about which there is no question, that limitation of time had no further application, and the fee simple title to the property vested in the city without condition.

■ The agreement of the city with respect to the land after the park was constructed was an agreement for use and nothing more. It clearly was not a condition subsequent, the breach of which would destroy the city's title and transfer ownership of the land back to the grantors in the deeds or their successors. There is no provision or suggestion in the deeds that such was to be the penalty of abandoning the use of the park after it had been provided within the required time. The deeds made no reference to reverter or re-entry in the event of abandonment of the park.

It is well settled in this State, and generally, that conditions subsequent are not favored in the law because they tend to destroy estates, and when relied on to work a forfeiture they must be created by express terms or clear implication.

*King* v. *Norfolk & Western Ry. Co.*, 99 Va. 625, 39 S.E. 701, was an action of ejectment to recover property for breach of conditions in deeds to the effect that the grantee would have no power to sell or convey the property to any other person, or use it for any purpose not strictly connected with the business of the grantees, or (in one of the deeds) erect any buildings thereon. It was held that these provisions amounted to covenants rather than conditions and did not diminish the fee simple estate created by the deeds. In the opinion it was said:

"Conditions subsequent are not favored in law because they tend to destroy estates. When relied upon to work a forfeiture they must

be created by express terms or clear implication, and are strictly construed. If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will incline against the latter and adopt the more benignant construction upholding the instrument and leaving the parties to pursue their appropriate remedies for the breach of covenant. 4 Kent's Com., pp. 129-30."

In *Lowman* v. *Crawford*, 99 Va. 688, 40 S.E. 17, this principle was stated again in practically the same words.

In Minor on Real Property, 2d ed., § 515, page 676, it is said:

"For the same reason that the law favors a covenant rather than a condition subsequent—its dislike of forfeitures—it prefers to construe words qualifying the ownership of lands as trusts rather than conditions. * *

"So strongly does the law favor a trust or covenant rather than a condition that even the technical words of condition may be denied their ordinary meaning; and, if such appears to be the intent of the parties as gathered from an examination of the whole instrument, construed as trusts or covenants."

See also *Miller* v. *Brookville*, 152 Ohio St. 217, 89 N.E.2d 85, 15 A.L.R.2d 967 and Annotation at 975.

Finally, the appellants assert that there was no evidence to justify a nominal award of one dollar. On the other hand, there is no evidence in the record to indicate that this amount was not sufficient. The commissioners viewed Taylor Park and the larger tract nearby which was to become a park. It is to be presumed that the commissioners saw no disadvantage or source of damage to the citizens of the city in the abandonment of Taylor Park and providing a new park to take its place. The record discloses no protest on the part of the people to be served. Appellees describe in their brief physical improvements accomplished by the change which the commissioners would see. There is no indication that more than nominal damages was required.

The orders appealed from correctly decided the issues presented and are therefore

*Affirmed.*