## Richmond

CARRINGTON WILLIAMS, ET AL., ETC.

V.

FAIRFAX COUNTY REDEVELOPMENT
AND HOUSING AUTHORITY, ET AL.

Record no. 811405.

April 27, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and
Gordon, Retired Justice.

*Terrence Ney (Thomas F. Farrell, II; Boothe, Prichard & Dudley,* on briefs), for appellants.

*J. Howard Middleton, Jr.; Francis A. McDermott (Daniel R. Burk; James E. Farnham; Cheryl G. Ragsdale; Grayson P. Hanes; Richard W. Hausler; Thomas & Fiske; Hunton & Williams; Hazel, Beckhorn and Hanes,* on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we focus upon when, and under what circumstances, either a condemnor, a condemnee, or both, may obtain a dismissal of an eminent domain proceeding instituted pursuant to the provisions of the Virginia General Condemnation Act, Code § 25-46.1, *et. seq.*

This condemnation proceeding was initiated by a petition filed by the Fairfax County Redevelopment and Housing Authority (the Authority) seeking to condemn approximately 45 acres of land located in Fairfax County. The defendants were Robert L. Kirby, the fee simple owner of the land, and trustees named in recorded deeds of trust securing various debts. Among the trustees were the appellants, Carrington Williams and William C. Bauknight (the Trustees). In their answer, the Trustees asserted the right to have their lien indebtedness paid before Kirby was compensated.

Thereafter, commissioners were summoned, and a trial was conducted to determine the fair market value of the land. Following the trial, the commissioners filed a report fixing the value of the land at $5,250,000. The Authority excepted to the report, and on January 30, 1981, the court entered an order overruling the exceptions, confirming the report, and directing the Authority to pay the amount of the award into court. Although the Trustees did not participate in any of these proceedings, their counsel did endorse the January 30 order.

Subsequently, on February 18, 1981, within 21 days of the January 30 order, the court entered an order, submitted upon the joint motion of Kirby and the Authority, purporting to have the effective date of the January 30 order changed to February 18, 1981. On March 10, 1981, within 21 days of the February 18 order, the trial court entered a second order purporting to modify the February 18 order to have its effective date read March 10, 1981. On March 27, 1981, a third order was entered within 21 days of the March 10 order, purporting to modify it to have its effective date to read March 30, 1981.

The trial court entered each order "anticipating that [the Authority] would withdraw" from the condemnation proceeding. On April 1, 1981, Kirby and the Authority advised the court that they had "compromised and settled" the litigation and upon their joint motion the final order was vacated and the cause dismissed.

The Trustees received no notice of any orders following the one entered January 30.

The award was never paid. However, according to the compromise, the Authority acquired title to the land by a deed from Kirby, and assumed the debts secured by the deeds of trust.[1] The Trustees do not claim that the security for the notes has been impaired.

When counsel for the Trustees learned what had transpired since the January 30 order, they filed motions challenging the settlement and dismissal of the suit. The trial court denied the motions, and this appeal ensued.

The Trustees, relying upon Rule 1:1[2] as interpreted in *In Re: Dept. of Corrections*, 222 Va. 454, 281 S.E.2d 857 (1981), and *Godfrey* v. *Williams*, 217 Va. 845, 234 S.E.2d 301 (1977), contend that the trial court had no authority to extend the effective date of the final order entered January 30, 1981. They claim, therefore, that the orders purporting to extend its effective date and the dismissal order are void. They also challenge all orders entered after the January 30 order because they were not endorsed by counsel for the Trustees and neither the Trustees nor their counsel had notice of their entry.

Kirby and the Authority counter with these contentions: First, they assert that Rule 1:1 does not apply because Code § 25-46.34 gives either the Authority, Kirby, or both, the right to have the condemnation proceeding dismissed because the award had not been paid. Secondly, they claim that even under Rule 1:1, the trial court effectively modified or suspended the January 30 order. Finally, they argue that any error by the trial court is harmless because the Trustees' position remains the same and their interests are protected.

■ The Condemnation Act provides for a two-stage proceeding. In the first stage, the court determines the fair market value of the land taken and the damage, if any, to the remaining land. The only parties having an interest in the valuation stage are the con-

---

[1] Kirby and the Authority asserted, both at trial and on appeal, that these debts were assumable. The Trustees do not take issue with this assertion.

° [2] Rule 1:1 states in pertinent part:

All final judgments, orders, and decrees, . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

demning authority and the owner of the land.[3] *Manuf'rs Trust Co.* v. *Roanoke Co.*, 172 Va. 242, 256, 1 S.E.2d 318, 323 (1939).

A lienholder is not an "owner" within the contemplation of the Act. A reading of Code § 25-46.5 supports this conclusion. This section, which is jurisdictional, provides that "[n]o proceedings shall be taken to condemn property until a bona fide but ineffectual effort has been made to acquire from the *owner* by purchase the property sought to be condemned." (Emphasis added.) Clearly, the General Assembly did not intend that a condemnor must negotiate with lienholders or that they would have standing to contest value.

Other Code sections reinforce the above definition of "owner," including § 25-46.9 (providing that a copy of the petition and notice be served on the owner), § 25-46.13 (appointment of guardian ad litem for an owner under a disability), § 25-46.21 (commissioners viewing the land "with the owner and the petitioner"), and § 25-46.28 (distinguishing the interests of "the owner . . . in the property taken or damaged" from those of "liens by a deed of trust, judgment or otherwise"). Moreover, in *Fonticello Co.* v. *Richmond*, 147 Va. 355, 368-69, 137 S.E. 458, 462 (1927), we specifically held that the holder of a deed of trust was not an "owner" of the property for purposes of the statute, and, despite the subsequent revision of the statute, there has been no indication that the General Assembly has seen fit to change this definition. Therefore, the General Assembly is presumed to use the language as judicially defined.

The award merely establishes the price which the condemnor must pay if it elects to take the property. *Norfolk & O. V. Ry. Co.* v. *Turnpike Co.*, 111 Va. 131, 144, 68 S.E. 346, 350-51 (1910). Before title can vest, the condemnor must either take possession of the land pursuant to Code § 25-46.8 or pay the award.

> Upon the award being paid into court . . . the interest or estate of the owner or owners in the property taken or damaged shall terminate and they shall have such interest or estate in the fund . . . and all liens by a deed of trust, judg-

---

[3] An exception applies to certain tenants who have an interest in the award. *See* Code § 25-46.21:1.

ment or otherwise upon such property . . . shall be transferred to the fund so paid into court.

Code § 25-46.28.

■ The rights of lienholders in any award do not accrue until the award is paid into court. If payment occurs, the second stage of the proceeding is commenced, and the court determines "the rights and claims of all persons entitled to the fund or to any interest or share therein." Code § 25-46.28. *See Exxon* v. *M & Q Corp.*, 221 Va. 274, 279, 269 S.E.2d 371, 375 (1980); *Realty Corporation* v. *City of Norfolk*, 199 Va. 716, 725, 101 S.E.2d 527, 534 (1958).

■ Until title vests in the condemnor, a lienholder has not been prejudiced by the condemnation proceeding, and Code § 25-46.34 provides for the dismissal of the proceeding at the instance of either the condemnor, the owner, or both. Paragraph (c) of this section provides that "[i]n the event the petitioner fails to pay . . . the award . . . before the time for noting an appeal from any final order upon the report of just compensation, the owner or owners of the property to be taken or affected may, upon motion, obtain as a matter of right an order dismissing the proceeding . . . ." Code § 25-46.34(d) states that "[b]efore the vesting of title . . . in the manner prescribed in this chapter, the proceedings may be dismissed . . . upon the filing of a stipulation of dismissal by the parties affected thereby; and, if such parties so stipulate, the court may vacate any order that has been entered."

■ As previously noted, the Authority neither took possession of the property not paid the award. Title remained in Kirby, and the Trustees' liens were unimpaired. Thus, no rights in the award had accrued to the Trustees.

■ We will assume, without deciding, that the order entered January 30, 1981, was a final order and that the trial court failed to comply with the provisions of Rule 1:1. The court had authority to dismiss the action upon Kirby's motion because the Authority had failed to pay the award "before the time for noting an appeal from [the] final order." Code § 25-46.34(c).

Additionally, the court was authorized to dismiss the proceeding "[b]efore the vesting of title," because the "parties affected" (Kirby and the Authority) stipulated thereto. We find that the compromise settlement, coupled with their joint motion, constitutes a stipulation of dismissal within the meaning of Code § 25-

46.34(d), and that, since the award was not paid into court, the Trustees were not "parties affected."

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*