# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth
Transportation
Commissioner

v.

Subash Mathur et al.

February 11, 1998

Case No. L 154111

BY JUDGE STANLEY P. KLEIN

This cause was before the Court on respondent Hastings Hunt of Fairfax Community Association's ("Hastings") Motion for Partial Summary Judgment. Specifically, Hastings has asked this Court to grant summary judgment with respect to Hastings' interest in a parcel of real property which is the subject of a condemnation suit brought by petitioner Commonwealth Transportation Commissioner of Virginia ("Commissioner"). Because Hastings' request is premature under Virginia's Condemnation Act, Va. Code §§ 25-46 *et seq.*, the Motion for Partial Summary Judgment is denied.

On July 24, 1996, Commissioner filed a Petition for Condemnation in this Court, naming Subash and Priti Mathur ("Mathur"), Robert G. Hedley, Nationsbanc Mortgage Corp., and Hastings as respondents. The Mathurs are record owners of the property at issue, which is subject to a deed of trust held by Nationsbanc, with Hedley as trustee. In addition, Hastings purportedly owns an easement over the property. On January 23, 1998, Hastings filed a Motion for Partial Summary Judgment, asking this Court to order that Hastings is the beneficiary of an easement over the parcel "for purposes of this case and for apportioning compensation in this case." The Commissioner filed its opposition and a hearing was held. None of the other respondents submitted briefs or were represented in court.

Without addressing the merits of Hastings' Motion for Partial Summary Judgment, the Court finds that the Virginia Condemnation Act precludes determination of Hastings' interest in the subject property until an appropriate award has been established and paid into the Court pursuant to Va. Code § 25-46.24. Granting summary judgment at this stage in the proceedings would directly contravene Va. Code § 25-46, which provides that:

> *No delay in the proceedings for the determination of just compensation shall be occasioned by the claims of the parties with respect to the ownership of any land or other property or to the interest therein of the respective parties,* but in such cases, the court shall require the retention of the deposit of the award for the whole property, or the part in dispute, until the rights of the respective parties have been determined in the manner hereinafter provided in § 25-46.28 . . . .

(Emphasis supplied.) In *Williams v. Fairfax County Redevel. and Housing Auth.*, 227 Va. 309 (1984), the Virginia Supreme Court noted that the Condemnation Act "provides for a two-stage proceeding." *Id.* at 313. Once payment of an award occurs, "the second stage of the proceeding is commenced, and the court determines 'the rights and claims of all persons entitled to the fund or to any interest or share therein'." *Id.* at 315 (citations omitted). *See also, Fairfax County Park Auth. v. Virginia Dept. of Transportation*, 247 Va. 259, 263 (1994) ("A determination of a particular owner's loss relative to that of others is only undertaken in the second step of the condemnation proceeding in which the condemnation award is allocated among those with interests in the property.") Accordingly, any attempt by an interested party to adjudicate his or her respective claim in the condemned property, by summary judgment motion or otherwise, before an appropriate award has been established, would directly contravene the Condemnation Act and the dictates of the Virginia Supreme Court.

Hastings cites *Martin v. Norfolk Redevel. and Housing Auth.*, 205 Va. 942 (1965), for the proposition that a court has discretion to determine the interests of parties who have claims to the property before an award has been made. Hastings' reliance on *Martin* is misplaced. In that case, the Virginia Supreme Court held that it was proper for the trial court to ascertain the existence, *if any*, of a claim to the subject property by the respondents before appropriate compensation had been established. *Id.* at 946. However, because there were *no other claims to the property*, a determination of respondents' interest was appropriate. The Court stated: "If

[respondents] had no interest in the property then there was no interest to condemn and it would have been a mere exercise in futility to direct the commissioners to ascertain a just compensation for an interest *that did not exist.*" *Id.* (Emphasis supplied.) In the present case, the Court is being asked to determine the respective claims of the parties, not whether *any* interest exists. Consequently, the Virginia Supreme Court's holding in *Martin* is not dispositive of the issue at bar.

For the reasons set forth herein, Hastings' Motion for Partial Summary Judgment is denied without prejudice to Hastings' right to assert its interest in the subject property once an appropriate award has been paid into the Court.