# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

v.

Central Radio, Inc., et al.

February 17, 2011

Case Nos. CL10-2965; CL10-2816; CL10-2162;
CL10-2825; CL10-4346 (consolidated)

BY JUDGE LOUIS A. SHERMAN

This matter came before the Court on January 18, 2011, on the Respondents' Motion to Invalidate for lack of jurisdiction and Petitioner's Motion to Strike Respondents' Objections and Affirmative Defenses. After considering the pleadings, the record, the oral and written arguments of counsel, and the relevant legal authorities, the Court has decided to deny Respondents' Motion to Invalidate and to grant in part and deny in part Petitioner's Motion to Strike.

In reaching its conclusions, the Court considers three issues: (1) Does the doctrine of *stare decisis* bind the Court to uphold this Court's previous decisions? (2) Does Virginia Code § 1-219.1 prohibit Petitioner Norfolk Redevelopment and Housing Authority from acquiring Respondents' non-blighted properties pursuant to a redevelopment plan adopted prior to January 1, 2007, where the proceedings were commenced prior to July 1, 2010, but are still pending? (3) Did Petitioner make a *bona fide* offer

to Respondent Norva Properties, L.C., before instituting condemnation proceedings as required by Virginia Code §§ 25.1-204 and 25.1-417?

As explained below, the doctrine of *stare decisis* binds the Court to uphold this Court's previous decisions because the facts in the present case are substantially the same as those in this Court's previous decisions. Secondly, Virginia Code § 1-219.1 does not prohibit Petitioner from acquiring Respondents' property because Virginia Code § 1-239 and case precedent make clear that 2007 Va. Acts, ch. 926, clause 3, allows proceedings instituted by redevelopment and housing authorities before July 1, 2010, to continue until resolution. Finally, for the purpose of ruling on this Court's jurisdiction, Petitioner made a *bona fide* offer to Respondent Norva Properties, L.C., because Petitioner complied with the requirements of Virginia Code § 25.1-204, and any dispute regarding the manner by which the property was appraised should be determined at the just compensation phase of this proceeding. However, accepting the facts asserted by Respondents as true for the purpose of ruling on Petitioner's Motion to Strike, this Court cannot hold that Petitioner made a *bona fide* offer to Norva Properties, L.C., because the appraisal upon which the *bona fide* offer was based allegedly did not appraise the entire property sought and the appraisal allegedly was not conducted using accepted appraisal methodology. Consequently, the Court denies Respondents' Motion to Invalidate, grants Petitioner's Motion to Strike regarding the issues encompassed by *stare decisis* and the issue related to application of Virginia § 1-219.1, and denies Petitioner's Motion to Strike regarding whether Petitioner made a *bona fide* offer to Norva Properties, L.C.

*Background*

A. *Present Case*

Between March 26, 2010, and June 28, 2010, Petitioner, Norfolk Redevelopment and Housing Authority ("NRHA"), filed five condemnation proceeding petitions against the Respondents. *Norfolk Redev. & Hous. Auth. v. Mehri Kahhal*, Case No. CL10-2162 (filed on Mar. 26, 2010); *Norfolk Redev. & Hous. Auth. v. Martin E. Pecil and Barbara J. Pecil*, Case No. CL10-2816 (filed on Apr. 21, 2010); *Norfolk Redev. & Hous. Auth. v. PKO Ventures, L.L.C.*, Case No. CL10-2825 (filed on Apr. 21, 2010); *Norfolk Redev. & Hous. Auth. v. Central Radio, Inc.*, Case No. CL10-2965 (filed on Apr. 29, 2010); and *Norfolk Redev. & Hous. Auth. v. Norva Props., L.C.*, Case No. CL10-4346 (filed on June 28, 2010). This Court granted leave to amend the first four petitions filed by NRHA on June 29, 2010. On October 14, 2010, this Court granted NRHA's motion to consolidate the five condemnation proceedings, which was not opposed.

Virginia Code § 36-49 grants authority to a housing authority to acquire blighted areas for the purposes of redevelopment. *See* Va. Code Ann. § 36-49 (2010). In 1998, with the Norfolk City Council's approval, NRHA adopted the Hampton Boulevard Redevelopment Project ("Redevelopment Project"), to redevelop what NRHA had determined to be a blighted area near Old Dominion University ("ODU") within the City of Norfolk. (*See* Pets. ¶ 2.) The Respondents' properties are all located within the Redevelopment Project area. The properties are located in Norfolk, Virginia, at 1060 West 40th Street, 1035, 1039, 1043, 1047, and S/S West 40th Street, collectively, 1069 West 41st Street, 1083 West 39th Street, and 3911 Killam Avenue.

NRHA alleges that it "has made a *bona fide* effort to acquire the fee simple title to the aforesaid real propert[ies] and any improvements thereon by written offer[s] in accordance with Virginia Code § 25.1-204, but the same has been ineffectual." (Pets. ¶ 3.) Therefore, NRHA asks that this Court allow it to condemn the properties and have fee simple vested in NRHA. (*See id.* 3.)

On July 16, 2010, and August 9, 2010, the Respondents, by counsel, filed their answers and grounds of defense and, simultaneously, filed Objections to Jurisdiction and Defenses to the Right to Take. Respondents allege that this Court does not have jurisdiction to hear these condemnation cases because the purposes for which NRHA is attempting to take the properties are not authorized purposes under the Housing Authorities Law, Title 36, Chapter 1, of the Virginia Code; the subject properties are not blighted as required for a taking by Virginia Code § 1-219.1; NRHA did not make a *bona fide* offer to Respondent Norva Properties, L.C., as required by § 25.1-417(A)(3); NRHA is improperly acting as a paid agent for Old Dominion University and the Old Dominion University Real Estate Foundation; and NRHA's Redevelopment Project was created in violation of due process requirements. (*See* Objections to Jurisdiction and Defenses to the Right to Take 3–4.)

## B. *Previous Litigation*

In 2008, years after the Redevelopment Project in question was approved, NRHA petitioned this Court to condemn four *different* properties within the *same* Redevelopment Project area as the current suit. The properties were located in Norfolk, Virginia, at 3822 Hampton Boulevard, 1083 West 41st Street, 3806 Hampton Boulevard, 1072 West 38th Street, and 3916 Hampton Boulevard. *See Norfolk Redev. & Hous. Auth. v. Arney et al.*, Case Nos. CL08-1918; CL08-1919; CL08-3771; CL08-3777 (2009). The Respondents in those cases raised many of the same jurisdictional defenses as are raised now, including the claim that the Redevelopment Project area was not blighted and that the purposes for which NRHA attempted to take the properties were unauthorized purposes. *See Norfolk*

*Redev. & Hous. Auth. v. Arney et al.*, No. 08-1918 (Norfolk Cir. Ct. July 23, 2009) ("the 2009 decision").

A substantial portion of this Court's 2009 decision regarding those four properties was based on a 1999 case, which involved similar claims concerning *different properties* in the same Redevelopment Project area. *See Norfolk Redev. & Hous. Auth. v. J.A.G. Assocs.*, CL99-1100 (Norfolk Cir. Ct. Nov. 16, 1999) ("the 1999 decision"). In the 1999 decision, this Court found that the area designated for redevelopment pursuant to the Redevelopment Project was "blighted or deteriorated" within the meaning, as in force in 1999, of Virginia Code § 36-49, Subsection 1. (*See* Order Overruling Jurisdictional Defenses 3, *Norfolk Redev. & Hous. Auth. v. J.A.G. Assocs.*, CL99-1100.)

Although Title 36, Housing Authorities Law, was modified in 2006, the Court in the 2009 decision followed the Housing Authorities Law that was in effect at the time the Redevelopment Project was adopted, January 12, 1998. In the 2009 decision, this Court held that the doctrine of *stare decisis* applied, concluding that the facts in that case were "substantially the same" as the facts in this Court's unappealed 1999 decision. *See Norfolk Redev. & Hous. Auth. v. Arney et al.*, CL08-1918, Letter Op., at 14. The Supreme Court of Virginia subsequently refused the respondents' petition for appeal of the 2009 decision, finding no reversible error. (*See* Supreme Court of Virginia Orders, Nov. 18, 2010, *available at* Pet.'s Supp. Mem. in Supp. of its Mots. to Strike Resp'ts' Objections and Affirmative Defenses Ex. B at 1–2.)

*Discussion*

A. *Stare Decisis*

The Supreme Court of Virginia has stated "that under the doctrine of *stare decisis*, the principles of law as applicable to the state of facts [from a previous case] will be adhered to, and will apply in later cases where the facts are substantially the same, even though the parties are different." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 297, 484 S.E.2d 892, 894 (1997).

NRHA contends that this Court should apply the doctrine of *stare decisis* to the present case because the Court's 1999 and 2009 decisions held the *same* Redevelopment Project was validly adopted and the same area was appropriately determined to be blighted. (*See* Pet.'s Mot. to Strike Resp'ts' Objections and Affirmative Defenses and Mem. in Supp. 5–6.) In addition, NRHA argues that the respondents in the prior cases raised the same factual and legal defenses and this Court overruled those defenses previously. (*Id.* 6–7.)

Respondents argue that this Court should not apply the doctrine of *stare decisis* because issues raised in the current case were not raised in the prior cases. (*See* Resp'ts' Resp. in Opp'n to Pet.'s Mot. to Strike 11.) Respondents first argue that this case is the first instance where Respondents have raised an objection and defense under Virginia Code § 1-219.1. (*See id.* 12.) Respondents also argue that the validity of an appraisal cannot be determined under the doctrine of *stare decisis* because such validity is a "property-specific, fact-based inquiry." (*Id.*) Third, Respondents argue that a due process defense was not raised or decided in the 1999 or 2009 decisions. (*See id.*) As for issues raised in the current case that were also raised in the prior cases, such as the lawfulness of NRHA's determination of blight, Respondents argue that *stare decisis* does not control because the prior decisions were based on errors or misapplications of the law. (*See id.*)

This Court finds that the facts are "substantially the same" in the present case as in this Court's unappealed 1999 decision and the appealed 2009 decision. As in this case, both prior cases involved the Court determining whether the area within the *same* Redevelopment Project was blighted under Virginia Code § 36-49. With two exceptions addressed later in this opinion, Respondents have raised the same defenses here regarding the lawfulness of NRHA's determination of blight that were adjudicated in the 1999 and 2009 decisions.

Respondents contend that the Redevelopment Project was created in violation of Virginia and United States constitutional due process requirements (*see* Resp'ts' Resp. in Opp. to Pet.'s Mot. to Strike 13) and that this defense was not raised or adjudicated in the 1999 or 2009 decisions (*see id.* 12). Respondents' due process defense is premised on NRHA's alleged acceptance of a 4% commission in fees from ODU. (*Id.* 13.) Respondents argue that "[a]gencies charged with administering the laws for the public benefit may not have a pecuniary interest in the outcome of their own decisions[,]" and that " '[a]n impartial decision maker is essential' to due process." (*Id.* (quoting *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970).) Respondents contend that "particularly close scrutiny" is required when public agencies have a "direct financial stake in the outcome of their actions." (*Id.* (citing *Tumey v. Ohio*, 273 U.S. 510 (1927)).)

This Court finds that the doctrine of *stare decisis* applies to Respondents' due process defense because it previously adjudicated the issue of NRHA's acceptance of commissions in the 2009 decision. At a February 26, 2009, hearing before this Court, counsel for Respondents argued that:

> [t]he development plan, Your Honor, gave NRHA the power to use eminent domain to condemn private property, and ODU, according to these agreements[,] was to pay NRHA a fee of 4 percent. . . . [T]his puts the [NRHA] and [ODU] in a

precarious position because [ODU] is paying the [NRHA] a fee to act as its agent and to earn that fee, it must determine that the area that will be acquired for ODU is blighted.

(Hr'g Tr. 429:24–25, 430:1–2, 24–25, 431:1–4, Feb. 26, 2009; Pet.'s Reply Mem. in Supp. of its Mots. to Strike Resp'ts' Objections and Affirmative Defenses and in Resp. to Resp'ts' Mot. to Invalidate 7; *id.* Ex. B at 2–4.)

This Court previously found that "any private benefit arising from the Redevelopment Project is merely 'incidental' to the stated public purpose of the elimination of blight in the area covered by the Redevelopment Plan[,]" and that the respondents in the 2009 decision had "not shown any instances where NRHA acted with a purely 'private' interest regarding the Redevelopment Plan." *Norfolk Redev. & Hous. Auth. v. Arney et al.*, No. 08-1918, Letter Op., at 20 (Norfolk Cir. Ct. July 23, 2009). As NRHA's alleged financial interest in the condemnation proceedings is merely incidental to the stated public purpose of the elimination of blight and does not constitute a "direct financial stake," Respondents' due process defense fails under the doctrine of *stare decisis*.

The only two issues that were not previously raised in the 1999 or 2009 decisions concern the ability of NRHA to pursue condemnation proceedings filed before July 1, 2010, but still pending, under Virginia Code § 1-219.1, and whether NRHA made a *bona fide* offer to Respondent Norva Properties, L.C., as required by Virginia Code § 25.1-417(A)(3). Every other issue raised by Respondents in the case at bar has been previously raised and adjudicated, and the Court disagrees with Respondents' contention that this Court's 2009 decision was a "flagrant error that we will not perpetuate." (Resp'ts' Resp. in Opp. to Pet.'s Mot. to Strike 12–13 (quoting *Harman v. Sadjadi*, 273 Va. 184, 197, 639 S.E.2d 294, 301 (2007)).) The Supreme Court of the United States has stated that "[c]onsiderations in favor of *stare decisis* are at their acme in cases involving property and contract rights, where reliance interests are involved." *Payne v. Tennessee*, 501 U.S. 808, 827–28, 111 S. Ct. 2597, 2610 (1991). This Court holds that the doctrine of *stare decisis* does apply in the present case, where the prior unappealed 1999 decision and the appealed 2009 decision rendered by this Court ruled that the identical Redevelopment Project area was blighted, creating the "reliance interests" cited in *Payne*.

## B. *Effect of Virginia Code § 1-219.1 on Pending Litigation*

In 2007, the General Assembly enacted Virginia Code § 1-219.1, which limits the ability of governmental entities to take property by eminent domain. *See* Va. Code Ann. § 1-219.1 (2010). (Section 1-219.1 was originally numbered § 1-237.1 when enacted, but was changed to § 1-219.1 by the Virginia Code Commission.) Section 1-219.1 defines

acceptable "public uses" for takings, requiring that all property taken for the elimination of blight must actually be blighted. *See id.* ("The term 'public uses' mentioned in . . . the Constitution of Virginia is hereby defined as to embrace only the acquisition of property where . . . the property is taken for the elimination of blight provided that the property itself is a blighted property. . . ."). Before the enactment of Section 1-219.1, property taken by eminent domain did not have to be blighted as long as the property was within a properly established redevelopment plan. The General Assembly simultaneously created a "grandfather clause" providing that:

> until July 1, 2010, the provisions of this act shall not affect the ability of a redevelopment and housing authority . . . to acquire property pursuant to any redevelopment or conservation plan adopted prior to January 1, 2007. However, the provisions of this act shall be applicable to all redevelopment and conservation plans adopted after January 1, 2007.

2007 Va. Acts, ch. 926, cl. 3 (hereinafter "Clause Three").

Respondents argue that Clause Three does not apply to the contested properties here because NRHA did not finalize the acquisition process before July 1, 2010. (*See* Resp'ts' Resp. in Opp. to Pet.'s Mot. to Strike 6–7.) Respondents emphasize that the use of the word "acquire" in Clause Three means that any such taking must have been finalized before July 1, 2010, to fall under the provisions of the grandfather clause. (*See id.* 6–7.)

NRHA argues that Clause Three encompasses these acquisition proceedings because they were commenced prior to July 1, 2010, and that statutory and common law provide for the continuation of such pending proceedings under prior law, even though the law subsequently has changed. (*See* Pet.'s Reply Mem. in Supp. of Mots. to Strike Resp'ts' Objections and Affirmative Defenses and in Resp. to Resp'ts' Mot. to Invalidate 3–6.)

This Court finds that, under statutory law and case law precedent, Clause Three encompasses the pending acquisition proceedings. Virginia Code § 1-239 provides that rights accrued or claims arising under former law before a new Code provision takes effect are to be adjudicated under the former law:

> No new act of the General Assembly shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law, or in any way whatever to affect any such . . . right accrued, or claim arising before the new act of the General Assembly takes effect. . . .

Va. Code Ann. § 1-239 (2010). *See also Garraghty v. Virginia Dep't of Corrections*, 52 F.3d 1274, 1281 (4th Cir. 1995) ("This statute or a

predecessor has been the law of Virginia for more than 100 years and has long been held to apply to civil as well as criminal cases." (citing *White's Adm'x v. Freeman*, 79 Va. 597 (1884))) (referring to Virginia Code § 1-16, the predecessor of § 1-239).

Similarly, Virginia Code § 1-9 provides that no pending matter may be terminated based on the enactment of a new Code provision:

> Nothing in this Code shall operate to discontinue any cause or matter, civil or criminal, which shall be pending and undetermined in any court on the day before this Code or any provision of this Code, takes effect; every such cause and matter shall be proceeded in, tried, and determined in such court, or in the court which succeeds to or has its jurisdiction. . . ."

Va. Code Ann. § 1-9 (2010).

In the cases at bar, NRHA instituted its claims under the former law and before the new law took effect. Under the former law, NRHA is authorized to take property within a redevelopment area that was previously and properly determined to be blighted, whether the particular parcel is actually blighted or not. As NRHA instituted its claims while the former law still applied, it remains the law in these cases that NRHA may take particular non-blighted properties within the blighted redevelopment area. To hold otherwise would "discontinue" a pending matter in violation of § 1-9. *See id.*

NRHA correctly contends that case law precedent also requires such a holding. (*See* Pet.'s Reply Mem. in Supp. of Mots. to Strike Resp'ts' Objections and Affirmative Defenses and in Resp. to Resp'ts' Mot. to Invalidate 5.) In *Ferguson v. Ferguson*, the Supreme Court of Virginia held that "claims arising, [or] proceedings instituted . . . before the passage of an amended statute, will not be affected by it, but will be governed by the original statute, unless a contrary intention is expressed in the later statute." 169 Va. 77, 87–88, 192 S.E. 774, 777 (1937) (citations omitted). Likewise, in *Duffy v. Hartsock*, the Supreme Court of Virginia held that the purpose of delayed effective dates "is to allow litigants a fair opportunity to acquaint themselves with the provisions of the statute . . . in order to institute and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith. . . ." 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948).

To construe Clause Three under Respondents' interpretation would not only violate statutory law and case law precedent, but would lead to illogical results. For example, if a condemnation proceeding concerning non-blighted property within a properly established redevelopment area had been adjudicated in favor of a respondent landowner on June 30, 2010, NRHA would have no recourse to appeal even if reversible error

had been committed by the trial court, as the July 1, 2010, effective date of the new statute would effectively preclude even a timely appeal. Such a reading of Clause Three would lead to "inconsistent, unpredictable, and potentially unfair results," results in direct conflict with the purpose of delayed effective dates. *See Duffy*, 187 Va. at 419, 46 S.E.2d at 576. (Pet.'s Reply Mem. in Supp. of its Mots. to Strike Resp'ts' Objections and Affirmative Defenses and in Resp. to Resp'ts' Mot. to Invalidate 5.) This Court holds that Clause Three encompasses acquisition proceedings, as here, where the proceedings were filed before July 1, 2010, and are still pending. Thus, applying the former law, NRHA may continue to maintain acquisition proceedings concerning the individual non-blighted properties at issue within the properly established Redevelopment Project Area.

## C. *Bona Fide Offer to Norva Properties, L.C.*

Virginia Code § 25.1-204 requires a condemnor to make a *bona fide* offer to purchase the property sought to be condemned from the property owner before it institutes condemnation proceedings. *See* Va. Code Ann. § 25.1-204(A) (2010). The offer must include the delivery or attempted delivery of a written statement explaining to the property owner the factual basis for the condemnor's offer, *id.* § 25.1-204(B), and shall include a copy of the appraisal of the property, if the appraisal was obtained under the provisions of § 25.1-417. *Id.* § 25.1-204(C).

Furthermore, before initiating negotiations regarding purchase of the property:

> the [condemnor] shall establish an amount which it believes to be just compensation therefor and shall make a prompt offer to acquire the property for the full amount so established. In no event shall such amount be less than the agency's approved appraisal of the fair market value of such property, if such an appraisal is required. . . . The agency concerned shall provide the owner of real property to be acquired with a written statement of, and summary of the basis for, the amount it established as just compensation, together with a copy of the agency's approved appraisal of the fair market value of such property upon which the agency has based the amount offered for the property, if such an appraisal is required.

*Id.* § 25.1-204(E)(1). *Accord* § 25.1-417(A)(3) (identical language under "General provisions for conduct of acquisition").

Virginia Code § 25.1-219 prevents courts from considering the issue of just compensation at a hearing where the landowner has contested the court's jurisdiction:

If any answer and grounds of defense has been filed objecting to the jurisdiction of the court, the court shall determine such issues or other matters in controversy, *excepting the issue of just compensation* . . . before fixing a date for the trial of the issue of just compensation.

Virginia Code Ann. § 25.1-219(B) (emphasis added).

Respondent Norva Properties, L.C., contends that NRHA's appraisal did not encompass all of the property that it sought to condemn and that the appraisal was "not a professional appraisal on which a *bona fide* offer can be based." (Resp'ts' Resp. in Opp'n to Pet.'s Mot. to Strike 19.) NRHA argues that it made a *bona fide* offer in compliance with Virginia Code § 25.1-204 (*see* Pet.'s Reply Mem. in Supp. of its Mots. to Strike Resp'ts' Objections and Affirmative Defenses and in Resp. to Resp'ts' Mot. to Invalidate 9), and that the validity of the appraisal cannot be contested before the just compensation phase of this proceeding (*see id.*).

This Court finds that, for the purpose of ruling upon Respondents' Motion to Invalidate, NRHA made a *bona fide* offer in compliance with § 25.1-204; the appraiser was a licensed professional; the appraisal provided the factual basis for NRHA's offer; and the appraisal was delivered to Respondent. (*See id.* 9.) An offer based upon a value fixed by a professional appraisal is "not frivolous" and "fully satisfies" the statutory requirement of § 25.1-204. *Norfolk Redev. & Hous. Auth. v. Baylor*, 214 Va. 1, 3, 197 S.E.2d 335, 337 (1973) (construing § 25-46.5, the predecessor to § 25.1-204). Whether Respondent disputes the value of appraisal upon which the offer is based, or the manner in which the appraisal was conducted, is a matter for the just compensation phase of this proceeding. However, for the purpose of ruling on Petitioner's Motion to Strike, Respondents' factual allegations regarding the validity of the appraisal must be accepted as true at this stage of the proceedings. Thus, Petitioner's Motion to Strike as to the offer to Norva Properties is denied.

### Conclusion

For the reasons set forth above, this Court rules that the takings by NRHA of the Respondents' properties are proper.