# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 28th day of March, 2019.*

PRESENT: All the Justices

Richard H. Dwyer,                                                                    Appellant,

  against                    Record No. 180178
                                    Circuit Court No. 2014-L-778

Town of Culpeper,                                                                    Appellee.

Upon an appeal from a judgment
rendered by the Circuit Court of Culpeper
County.

      Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the notice of appeal challenging the just compensation award was not timely filed.

      Richard H. Dwyer appealed from a November 7, 2017 order distributing funds held by the circuit court in this condemnation proceeding. The Town of Culpeper moved to dismiss the appeal as untimely. Specifically, the Town argued that the notice of appeal, filed November 30, 2017, was filed more than 30 days after the September 11, 2017 order confirming the jury's award of just compensation.[*] The Town asserted that under Code § 25.1-239, that order is a final order for purposes of appeal in a condemnation proceeding. Dwyer argued that the September 11, 2017 order was not final for purposes of appeal because it contained the language "the [c]ourt shall retain jurisdiction." We find Dwyer's argument unpersuasive.

      Condemnation actions are "two-stage proceedings." *Williams v. Fairfax Cnty. Redev. & Hous. Auth.*, 227 Va. 309, 313 (1984). The General Assembly has provided a unique framework by which courts conduct condemnation proceedings. "[U]nder settled principles of statutory construction, we are bound by the plain meaning of the statutory language." *Ramsey v. Comm'r of Highways*, 289 Va. 490, 495 (2015).

---

[*] In his appeal, Dwyer only assigns error to rulings related to the September 11, 2017 order.

Code § 25.1-239(A) provides that "[t]he order confirming, altering or modifying the report of just compensation shall be final." "[T]he use of the term 'shall' in a statute is generally construed as directory rather than mandatory, and, consequently, no specific, exclusive remedy applies unless the statute manifests a contrary intent." *Rickman v. Commonwealth*, 294 Va. 531, 538 (2017) (citations and quotation marks omitted). Subsection (B) of Code § 25.1-239 provides, in part, that: "[a]ny party aggrieved thereby may apply for an appeal to the Supreme Court." That subsection goes on to state that if the order sets aside the report of just compensation and awards a new trial, that order shall not be considered final for purposes of appeal. Code § 25.1-239(B). Read in context, the language of the statute manifests an intent that the word "shall" is mandatory. The General Assembly clearly intended to provide for the finality of the order confirming, altering, or modifying the report of just compensation. The September 11, 2017 order was the final order for purposes of appealing the just compensation award under Code § 25.1-239. The notice of appeal was not filed until November 30, 2017 and was therefore untimely under Rule 5:9(a).

Dwyer's argument that the circuit court specifically retained jurisdiction in the September 11, 2017 order, and that this made it not a final order also fails. Dwyer points to *Super Fresh Food Markets of Virginia, Inc. v. Ruffin*, 263 Va. 555 (2002) and *Johnson v. Woodward*, 281 Va. 403 (2011), to support his claim that the order was not final for purposes of appeal. However, neither of those cases dealt with the unique situation presented in condemnation proceedings. As previously stated, condemnation actions are "two-stage proceedings." *Williams*, 227 Va. at 313. The first stage addresses the confirmation, alteration, or modification of the report of just compensation under Code § 25.1-239. The second stage deals with the distribution of the funds paid into the circuit court, and any controversy pertaining thereto, under Code §§ 25.1-240 and 25.1-241. Code § 25.1-241(C) provides for a separate appeal of an order, like the November 7, 2017 order, that determines "the rights and claims of the persons entitled to" the funds paid to the court and "direct[s] the disbursement among the persons entitled thereto." That appeal is governed "as provided in subsection B of [Code] § 25.1-239." Code § 25.1-241(C). Each proceeding is separate and distinct and each provides for an appeal from any decision rendered therein. The uniqueness of a condemnation proceeding renders the holding of *Super Fresh* and its progeny inapplicable. Where, as in *Super Fresh*, there is only one final order that addresses the entire case, any retention of jurisdiction by the circuit court in the order applies to the entire

2

case. However, a confirmation order entered pursuant to Code § 25.1-239, is separate and distinct from the distribution order. By statute, they can be appealed separately with neither impacting the other. In this case, the circuit court specifically ruled that it:

> ORDERED, ADJUDGED, and DECREED that, pursuant to Va. Code § 25.1-240 and § 25.1-241, the Court shall retain jurisdiction in this case solely for the purpose of (1) deciding the Town's Interest Credit Motion, if necessary, and (2) deciding any disputes between competing claimants, if any, to the Town's deposit of $295,773 and interest and then distributing these funds to the appropriate person. . . .

As such, the circuit court clearly did not intend to, nor did it, retain jurisdiction over the portion of the order addressing the confirmation of the report of just compensation. Rather, it merely accomplished what the statute would have done had the circuit court remained silent, and that was to retain jurisdiction to hear the second stage of the condemnation proceedings.

Applying the plain meaning of Code § 25.1-239, the General Assembly clearly intended to allow the appeal of a just compensation award to proceed immediately from "the order confirming, altering or modifying the report of just compensation." The September 11, 2017 order "confirming . . . the report of just compensation" was the final order for purposes of appeal. Code § 25.1-239(A). Dwyer did not timely appeal from that order. Rule 5:9(a). Accordingly, the Court dismisses the appeal in this case.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Culpeper County.

A Copy,

Teste:

Douglas B. Robelen, Clerk

3